Hand *et al. v.* Kidwell *et al.*

Filed Jan. 3, 1884.

------◆------

No. 10,908.

HAND ET AL. *v.* KIDWELL ET AL.

EVIDENCE.—*Practice.—Harmless Error.*—Where, in view of the whole evidence, a fact offered to. be proved is immaterial, there is no error in rejecting the offer.

SAME.—Where a fact is clearly proved and not disputed by countervailing evidence, a refusal to admit still further proof in its support will be harmless.

From the Madison Circuit Court.

*G. M. Ballard, J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.*, for appellants.

*M. S. Robinson* and *J. W. Lovett*, for appellees.

NIBLACK, J.—Action by Hiram Hand and John H. Wag-oner against Ira A. Kidwell and Martin E. Goode, for the re-covery of an alleged balance due on purchase-money for real estate.

The complaint charged that on the 1st day of October, 1879, the plaintiffs and one Milton Kidwell were, and for a long time had been, partners doing business under the firm name of Wagoner, Kidwell & Hand, and were, as such part-ners, the owners of two lots in one of the additions to the town of Elwood in Madison county; that on said 1st day of Octo-ber, 1879, said partners sold and conveyed said lots to the de-fendants for which they agreed to pay the sum of three thou-sand and six hundred dollars; that there remained due and unpaid the sum of five hundred dollars, with interest from the day of said sale; that the said Milton Kidwell died on the 26th day of March, 1880, leaving the plaintiffs his sur-viving partners.

The defendants answered: 1st. The general denial. 2d. Payment. Issue, trial by jury, verdict for the defendants. New trial denied and judgment on the verdict. The plaintiffs appealing assign error only upon the refusal of the circuit court to grant a new trial.

It was made to appear by the evidence that a mill was sit-uate upon the lots sold and conveyed to the defendants as charged in the complaint; that at the time the defendants be-came the purchasers of the property Milton Kidwell was equitably indebted to the defendant Ira A. Kidwell in about the sum of $500, and that the firm of Wagoner, Kidwell & Hand owed J. M. Dehority & Sons about the sum of $1,100, on a note originally payable to one Adair; that, as the ostensi-ble result of some understanding between Milton Kidwell and his partners, it was agreed between him and Ira A. Kid-well that the sum of $500, which he, the said Milton, owed to the said Ira, as above stated, should be taken into the ac-count, and entered to the credit of the defendants as a part of the purchase-money for the lots, the gross amount of which

was estimated at $3,600; that said sum of $500 was upon final settlement treated as a cash payment upon and counted as a part of the purchase-money; that, after deducting said sum of $500, and some other sums treated as payments, amounting in the aggregate to three or four hundred dollars more, the defendants executed to the firm of Wagoner, Kidwell & Hand three promissory notes for what remained of the purchase-money, all of which notes had been paid at the time of the trial.

The defendants severally testified at the trial that it was mutually understood and agreed between all the parties to the sale of the mill property, that the debt of $500 which Milton Kidwell owed the defendant Ira A. Kidwell was to be considered a part of the purchase-money, and as having been cancelled by the sale; that when the transaction was closed by the execution of notes for the remainder of the purchase-money, that debt was, in pursuance of such understanding and agreement, treated as cancelled, and as constituting an actual payment to Milton Kidwell for the use and benefit of the firm making the sale and of which he was then a member.

The plaintiffs, when testifying as witnesses in rebuttal to the evidence introduced by the defendants, claimed that the understanding and agreement between them and the other parties respectively, concerning the Milton Kidwell debt, was that the said Milton was to arrange and pay $500 to Dehority & Sons to be placed to the credit of the firm on the Adair note, and that when that arrangement should be made the amount owed by the said Milton to the defendant Ira was to be treated and to be applied as a payment upon the purchase-money of the lots and mill; that when said sum of $500, representing the indebtedness of the said Milton to the said Ira, was applied on the purchase-money, it was upon the condition that the said Milton should thereafter arrange and pay to Dehority & Sons a like sum, to be credited upon the Adair note; that the said Milton had not arranged and paid to

Dehority & Sons said sum of $500, or any other sum to be applied upon the Adair note; that by reason thereof the condition upon which said sum of $500 had been allowed as a credit on the purchase-money had been broken, and that sum of $500, with interest, remained, in fact, unpaid.

Other witnesses testified in the cause. Some of the additional facts brought out tended to corroborate the testimony of the plaintiffs. Other additional facts tended to support the theory upon which the defendants rested their defence.

The first cause assigned for a new trial was that the verdict was not sustained by sufficient evidence.

This cause was obviously not well assigned. As must have been observed, the evidence was of that sharply conflicting character which would have sustained a verdict either for the plaintiffs or the defendants, the jury being the exclusive judges of the mere weight of the evidence. Aside, however, from this view of the evidence, the fact that the amount due from Milton Kidwell to the defendant Ira A. Kidwell was entered as a credit on the purchase-money, and that the sale of the mill property was closed up on the basis that $500 of the purchase-money had been thus paid, was a circumstance calculated and entitled to have much weight with the jury, and which threw upon the plaintiffs the burden of showing that the transaction, which was absolute upon its face, was conditional only.

All the other causes for a new trial to which counsel have invited our attention have reference to items of evidence offered by the plaintiffs and excluded by the court.

When Ira A. Kidwell was on the witness stand, the plaintiffs interrogated him as to a conversation he was supposed to have heard between James M. Dehority and Milton Kidwell, in which the latter submitted to the former a proposition for the payment of $500 on the Adair note; but the court refused to permit the witness to answer the question, and that refusal of the court was assigned as a cause for a new trial.

No argument is submitted in behalf of the materiality of

the evidence thus excluded, and when considered with reference to the real controversy between the parties, we fail to see its materiality. At all events, the plaintiffs were not injured by the rejection of the proffered evidence, as it was otherwise shown that Milton Kidwell failed to make good whatever proposition he may have made to Dehority for the payment of any amount on the Adair note.

The plaintiffs also offered to prove by Hiram Hand, while testifying as a witness, that he and Wagoner, his co-plaintiff, had, since the death of Milton Kidwell, paid off and taken up the Adair note, but the court refused to permit them to make the proposed proof, and that was also assigned as a cause for a new trial.

The proof thus offered appears to us to have been quite immaterial to the real issue between the parties. The plaintiffs prosecuted the action upon the theory that Milton Kidwell had promised to pay $500 on the Adair note for the benefit of the firm of which they were the surviving representatives, as the condition upon which the defendants had received a credit for that sum on the purchase-money for the mill property, but had failed to make such payment while living, and had died without having paid said sum of money, or any part of it, by reason of which the condition upon which the defendants had so received credit on the purchase-money had been broken. Whether the plaintiffs had paid the Adair note, presented an inquiry entirely collateral to, and independent of, the theory upon which the action was prosecuted.

The plaintiffs asked several witnesses the question whether Milton Kidwell had ever paid to Dehority & Sons any sum of money to be applied upon the Adair note; but in all of such cases, in which questions have been reserved and to which counsel have referred in argument, the court declined to permit the witnesses to answer that question. The fact, however, that Milton Kidwell had never made any such payment was established beyond all controversy, either directly or incidentally, by the testimony of other witnesses. The defend-

ants did not claim that the said Milton had ever made any such payment, and in that respect there was no conflict in the evidence. When an uncontested proposition is once clearly established by evidence, it is not error for the court to decline to permit further evidence to be introduced of a merely cumulative character.

A careful examination of the proceedings at the trial leads us to the conclusion that the plaintiffs were not injured in any material respect by the exclusion of any of the evidence offered by them during the progress of the cause.

The judgment is affirmed, with costs.

Filed Jan. 3, 1884.