## BASSETT *v.* STATE OF INDIANA.

[No. 23,724.   Filed March 8, 1921.]

1. FORGERY.—*Evidence.*—*Sufficiency.*—In a prosecution for forging indorsement of payee's name on a check, evidence *held* sufficient to sustain a conviction. p. 215.

2. CRIMINAL LAW.—*A p p e a l.*—*Review.*—*Evidence.*—*Verdict.*— The court on appeal, on finding that there is evidence which, if it stood alone and was undisputed, would sustain the verdict, will not pass upon the weight of conflicting evidence to overthrow the verdict. p. 217.

3. FORGERY.—*Irrelevant Evidence.*—*Exclusion.*—In a prosecution for forging indorsement of payee's name on a check, where it appeared that payee and defendant were officers of a corporation the name of which defendant also indorsed upon the check, it was not error to strike out as irrelevant testimony by a third officer of the corporation as to the financial control of the company, the indorsement of the corporation's name not having been charged to have been an offense. p. 217.

4. WITNESSES.—*Cross-Examination.*—*Scope.*—In a prosecution for forging the indorsement of payee's name on a check, where it appeared that payee and defendant were officers of a corporation, and that the check was part payment of premium on notes given by them to the maker of the check, a question on cross-examination of the payee of the check, "You thought by denying his (defendant's) authority to sign your name on that check you possibly would get all of that check?" was improper, where the witness had not testified to anything to which such question was pertinent, since the right to inquire into the motives of a witness does not include the right to inquire if he is not committing perjury for reasons not in evidence and about which he has not been interrogated. p. 218.

5. FORGERY.—*Evidence.*—*Admissibility.*—*Check with Forged Indorsement.*—In a prosecution for forging the indorsement of payee's name on a check, the check was properly permitted to be read in evidence over the objection that the evidence showed the crime of uttering forged paper such evidence being pertinent to the issue joined on the indictment and plea thereto. p. 219.

6. FORGERY.—*Evidence.*—*Admissibility.*—*Telegram Sent After Commission of Offense.*—In a prosecution for forging the name

Bassett *v.* State—190 Ind. 213.

of payee on a check, a telegram from one bank to the bank paying the check sent after the forgery was committed, if committed at all, the telegram being offered to rebut fraudulent intent on the part of defendant in signing payee's name, was properly excluded. p. 220.

7. CRIMINAL L A W.—*Forgery.—Evidence.—Admissibility.—Letter From Maker of Forged Check.*—In a prosecution for forging an indorsement on a check, a letter from the maker, who lived in another state, to an officer of a corporation of which defendant was also an officer, offered to rebut fraudulent intent, was inadmissible as being a mere *ex parte* statement. p. 220.

8. CRIMINAL L A W.—*Forgery.—Evidence.—Admissibility.—Defendant's Statement as to Contents of Letter.*—In a prosecution for forging an indorsement on a check, a statement of defendant to the bank paying the check as to contents of a letter written by the maker after the commission of the offense, the evidence being offered to rebut fraudulent intent, was inadmissible. p. 220.

9. CRIMINAL LAW.—*Forgery.—Evidence.—Res Gestae.—Letter from Maker of Check.*—In a prosecution for forging the indorsement on a check, a letter written by the maker in ignorance of the indorsement, six days after the alleged offense was committed, *held* not to be a part of the *res gestae*, and so admissible to rebut fraudulent intent. p. 220.

10. CRIMINAL LAW.—*Evidence.—Rebuttal.—Repetition.*—I n a prosecution for forging the indorsement of payee's name on a check, where, after payee had denied having any conversation with defendant relative to authorizing him to make the indorsement, defendant introduced evidence of himself and another that such indorsement was authorized by payee in a certain telephone conversation, it was proper to permit payee, testifying in rebuttal, to specifically deny that authority was given defendant in such conversation. p. 221.

11. CRIMINAL LAW.—*Evidence.—Repetition.—D i s c r e t i o n o f Court.*—The extent to which evidence given in general terms shall be repeated in answer to specific questions is controlled largely by the sound legal discretion of the trial court, which will be reviewed only for an abuse thereof. p. 222.

From Marion Criminal Court (49,747) ; *James A. Collins*, Judge.

Prosecution by the State of Indiana against Edward W. Bassett. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Bailey & Young* and *Clancy & Roller,* for appellant.
*Ele Stansbury,* Attorney-General, and *Edward M. White,* for the state.

EWBANK, J.—Appellant was tried and convicted upon an indictment which charged that at a place and time stated he did unlawfully, feloniously, fraudulently and falsely make, forge and counterfeit a certain indorsement on a check for $500, payable to C. F. McIntyre, by writing across the back of said check the name "C. F. McIntyre"; that said check, after having been so indorsed, was delivered to the People's State Bank; and that said indorsement was so placed on said check, and the check so endorsed was delivered to the People's State Bank, with intent then and thereby unlawfully, feloniously and fraudulently to defraud the said People's State Bank. The sufficiency of the indictment is not questioned in this appeal.

The trial court gave the instructions requested by the defendant, and no objections are urged against any instructions given by the court.

Appellant assigns as error that the trial court erred in overruling his motion for a new trial, under which he has specified that the verdict is not sustained by sufficient evidence, and is contrary to law, and that the court erred in admitting certain evidence, and in excluding certain other evidence.

The undisputed evidence is that appellant received from a business associate a check drawn by a party in Chicago, payable to the maker, and by such maker indorsed to the order of C. F. McIntyre;

1. that at the time and place charged in the indictment appellant wrote the name of C. F. McIntyre across the back of the check, and immediately below that name also wrote the names of two corporations of which appellant was an officer, and sent one of his employes with

it to the People's State Bank to deposit it as so indorsed, and that it was so deposited by her, and that the corporation whose name was last indorsed on the back of the check was given a credit of $500 in said bank upon the check; that appellant drew out part of the $500 the same day and the rest of it thereafter, and that, when the check so indorsed was presented to the bank in Chicago on which it was drawn, payment was refused, and that the People's State Bank was required to submit to have said amount of $500 charged against their balance with their correspondent in Chicago, and that on demand appellant failed to make the check good.

There was also testimony—disputed, however—that C. F. McIntyre did not know of the existence of the check until after it had been so indorsed and deposited, and did not give appellant any authority or permission to write his indorsement on the check or to deposit it, and did not receive any of the proceeds of the check or of the bank credit obtained by depositing it.

Besides evidence offered by the defense that C. F. McIntyre directly authorized appellant to indorse the check in his name and to cash it, and that he received $100 of the proceeds pursuant to an agreement made when such authority was given, appellant also relies on the fact that a witness for the state who testified that appellant signed the name of "C. F. McIntyre" on the back of the check, with the indorsement of one of his companies under it, also testified that he then sent the check to the Indiana National Bank for deposit as so indorsed, and obtained the entry of a bank credit on his passbook, and a few minutes later was notified by phone to come and take back the check, and there was evidence that he then took it back and immediately indorsed it with the name of the other corporation of which he was an officer, which had an account in the People's State Bank, and deposited the check in that bank the same

forenoon. Upon this evidence appellant insists that, if the indorsement was a forgery, and was made with intent to defraud anybody, it was to defraud the Indiana National Bank, and that a subsequent uttering of the forged paper by depositing it in the People's State Bank, if a crime at all, did not constitute the crime which is charged in the indictment, but was the crime of uttering forged paper. That was a proper argument to address to the jury, and the record shows that the question whether, upon all the evidence, appellant made the indorsement of C. F. McIntyre's name with the intent charged in the indictment, was properly submitted to the jury by instructions given at the request of appellant. And the same argument might properly

2. be addressed to the trial court in support of the motion for a new trial. But this court, upon finding that there is evidence which, if it stood alone and was undisputed, would sustain the verdict, must decline to pass upon the weight of conflicting evidence to overthrow the verdict. The verdict is sustained by sufficient evidence and is not contrary to law.

The same rule precludes a reversal because of the evidence of other facts tending to prove that the appellant had authority to indorse and cash the check. If the jury chose to believe the witness McIntyre, this court cannot say that other evidence outweighs his testimony.

Appellant complains that after the witness John H. Ahlgren had testified that appellant together with Mr. McIntyre, whose name was indorsed on the check,

3. and himself, were the officers of the Ahlgren Battery Company, to whose use appellant testified he devoted much of the money obtained by depositing the check in the People's State Bank, and that appellant looked after the financial end of the company, and that the witness did not know what agreement as to that there may have been between appellant and

Mr. McIntyre and was not concerned in it, and that the witness had never been requested to give appellant authority to look after the financial end of the company, the answer that the witness "knew he was doing it" was stricken out. The indorsement of the check in the name of the Ahlgren Battery Company is not charged to have been a crime. And the fact that appellant was looking after the financial interests of that company, with the knowledge of one of the officers, would not tend to prove that as an officer of the company, or otherwise, he had authority to sign a third officer's name, by way of indorsement, on a check which was made payable to such third officer as an individual. There was no error in this ruling.

The evidence showed that the check in question was drawn by Charles W. Denicke in favor of himself, and was indorsed, "Pay to the order of C. F. McIntyre to apply on premium for use of two notes for $5,000.00 each signed by E. W. Bassett and C. F. McIntyre. This check covering one-fourth of the total amount of said premiums, C. W. Denicke."

And after Mr. McIntyre had testified that he never consented to its indorsement in his name by the appellant, and that he and appellant had each signed a note for $5,000 and delivered both notes to Mr. French, of Chicago, for money to build batteries for the use of a company which Mr. French was organizing, and that the witness had no agreement to get any of the money personally, but it was to go into the Ahlgren Battery Company, that Mr. French and Mr. Denicke were associated in business in Chicago, and that the witness never got the $5,000 note back, and that he left the financial end of the company to appellant, who paid the men and banked the money, counsel for appellant asked on cross-examination the question: "You thought by denying his (appellant's) authority to sign

your name on that check you possibly would get all of that check. Is not that true?" An objection by the state was sustained, and appellant excepted, and complains of the ruling as error. The question was not proper as cross-examination upon anything which the witness had testified. It outlines an argument, drawn from the evidence thereafter given by other witnesses, which counsel for the appellant might make to the jury, to the effect that the witness was not telling the truth, but was giving false testimony with the purpose of benefiting himself. But arguments to the jury should be reserved until after the evidence is concluded, and not presented by way of interrogating witnesses. The right to inquire into the motives of a witness does not include the right to inquire if he is not committing perjury for reasons not suggested by anything in the evidence then before the jury, and about which he has not testified and has not been asked.

Appellant objected to reading in evidence the check alleged to have been forged, and urges as ground for his objection that the evidence (he says) showed that

5.  whatever intent, if any, the appellant had to defraud was an intent to defraud the Indiana National Bank and not the People's State Bank, and that depositing the forged check in the latter bank could only constitute the crime of uttering forged paper and not the offense charged. What we have said on the subject of the weight of the evidence is a sufficient answer to this contention. Besides, the admissibility of evidence offered by the state depended upon the issue joined on the indictment and plea thereto, and not upon what might thereafter be testified which was favorable to the defendant.

Appellant complains of the exclusion of an exhibit offered in evidence, which purported to be a telegram,

addressed to People's State Bank, dated December 24, 1918, "in code," made up of words apparently meaningless, followed by the name of the Chicago Savings Bank and Trust Company, below which was what appeared to be a translation of the code message, reciting things as having happened on December 21, 1918. The evidence shows without contradiction that, if the alleged forgery was committed at all, it was committed on December 14, 1918, being the day when the check payable to C. F. McIntyre came into appellant's hands, when he wrote the name of C. F. McIntyre on the back of it, and deposited it in the People's State Bank. And a telegram from one corporation to another, neither of which is a party to this action, purporting to state what was done by a third corporation a week later, cannot supply the place of sworn testimony on behalf of the defense, in establishing facts which might tend to rebut the alleged fraudulent intent in what was done by appellant.

What was said about the telegram applies also to the alleged error in excluding an exhibit which purported to be a letter written by C. W. Denicke, the maker of the check, to John M. Ahlgren, on December 20, 1918. If it was desired to prove anything by Mr. Denicke, and he could not be induced to attend the trial as a witness, because of his living outside the state, appellant could have taken his deposition. §2118 Burns 1914, Acts 1905 p. 637, §242.

But appellant was not entitled to read in evidence Mr. Denicke's *ex parte* statement contained in a letter written to Mr. Ahlgren. Neither were the oral statements made by appellant to "the bank" after he received that letter, at least a week later than December 14, 1918, concerning the contents of the letter, admissible in evidence. In addition to the fact that Mr. Denicke's statements in the letter were not

made under the formalities required in giving evidence in a court, it was not made to appear that when he wrote the letter he knew the check had been indorsed in the name of Mr. McIntyre by somebody other than McIntyre, and the statements of the letter, at most, were only in the nature of a promise of what would be done in the future; so that even sworn testimony that he made the promises therein contained would not be competent. Counsel assert that it "was part of the *res gestae*." But a letter written by the maker of the check, in ignorance that appellant had indorsed it in the name of the payee, six days after the alleged forgery was committed, promising a third person what the corporation on which the check was drawn would thereafter do, was clearly no part of the alleged unlawful act.

After the state had "rested," and the defendant had then introduced the evidence of himself and two other witnesses, the record recites that "the defendant here rested, whereupon the state * * * offered and introduced the following evidence in rebuttal," followed by five pages of testimony by one witness and a page and a half of testimony by another witness, and then the record further states that "Charles F. McIntyre, a witness recalled by the state in rebuttal, testified as follows: "I will ask you to state whether or not on the 14th day of December, 1918, when Mr. Bassett called you at your home in Farmland, Indiana, if he said this to you in the conversation, or this in substance; did he say that he had received another $500 check from Chicago, and that he would with your permission sign the check, so that he would have the money for his payroll, did he say that to you, or that in substance, in your conversation?" Over the objection that the prosecuting attorney "asked this question at least three times yesterday," the witness answered "No sir." A dozen other questions were then asked of the

witness by the state, and three on cross-examination by counsel for the defendant.

The witness had previously testified, on cross-examination in the case in chief, that there were frequent telephone calls for him from appellant, and that he might have had a telephone call from appellant on the 14th, 15th or 16th of December, but that there was no call in which appellant told him that there was a check in the office for him, and asked if appellant might sign his name, and said that the payroll had to be paid. And he had theretofore testified that about the middle of December appellant told him about receiving the check from Chicago, and said the check in Chicago had not been paid, and also that he did not later have any conversation about signing the check in his name.

The defense had introduced direct evidence that appellant talked to Mr. McIntyre over the long distance phone at 7:48 a.m. on December 14, 1918, and a girl who worked for appellant as stenographer at the time in question had testified that in that conversation appellant said to him "that he had received another $500 check from Chicago, and that he wanted his permission to sign the check so that he would have the money for the payroll," while appellant had testified that he added the statement that "I want you to authorize me, over and above our general understanding about indorsing your name," and that in reference to indorsing his name, Mr. McIntyre said, "Certainly."

Under these circumstances the specific question asked on rebuttal was proper, and the mere fact that the witness had previously denied having any conversation on the subject of signing the check did not make it an abuse of discretion for the trial court to permit a specific denial to be made of what appellant and his stenographer had testified. The extent to which evidence given in general terms shall be repeated

in answer to specific questions is controlled largely by the sound legal discretion of the trial court, which will only be reviewed for an abuse thereof.

The court did not err in overruling the motion for a new trial. The judgment is affirmed.