## BOYD v. STATE OF INDIANA.

[No. 24,326. Filed April 9, 1924. Rehearing denied October 9, 1924.]

1. INDICTMENT.—*Motion to Quash.*—*Defects not Pointed out.*— A motion to quash an affidavit which does not point out any defects in any count, is properly overruled. p. 214.

2. INTOXICATING LIQUOR.—*Presumption from Possession.*—The fact that defendant had more than a gallon of whisky in his possession is sufficient to support an inference that he was keeping it with intent to sell, under §§28, 35 Acts 1917 p. 31, §§8356b1, 8356i1 Burns' Supp. 1921, in the absence of any evidence disproving such intent. p. 215.

3. INTOXICATING LIQUOR.—*Second Offense.*—*Former Jeopardy.*— A defense of former jeopardy cannot be established upon testimony that at the time of a previous search of defendant's house resulting in arrest and conviction there were a still and some whisky in the house which the officers did not find. p. 215.

4. INTOXICATING LIQUOR.—*Second Offense.*—*Identity of Offenses.* —The offense of having possession of two stills and a quantity of whisky with intent to sell the whisky in August, was not the same offense as having possession of a quantity of whisky with like intent, the following October, although it be part of the same whisky, and conviction and punishment in August does not render the offender immune from punishment in October. p. 215.

5. CRIMINAL LAW.—*Search.*—*Correct Description of Premises.*— *Weight of Evidence.*—On conflicting testimony as to whether defendant, whose house was searched, lived at one number or another, the court will not weigh the evidence as to the correct number of the house. p. 216.

6. SEARCHES AND SEIZURES.—*Name of Person Whose Premises Are Searched.*—One who knows that the law is being violated in a certain house and does not know the name of the occupant, is not required to wait until he can find out his name before causing a warrant to issue. p. 216.

7. SEARCHES AND SEIZURES.—*Description of House.*—*Number Sufficient.*—Describing a place in a search warrant, as a residence bearing a certain number on a designated street in a city, county and state, sufficiently meets the requirement of a "particular description," even though it be stated that the name of the owner is unknown. p. 216.

From Marion Criminal Court (54;086); *James A. Collins,* Judge.

Richard Boyd was convicted of keeping intoxicating liquor with intent to sell, and he appeals. *Affirmed.*

*W. E. Henderson,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, C. J.—There were nine counts of the affidavit on which appellant was tried, including two each of the counts numbered two, three and four.

1. Appellant filed a motion to quash the affidavit as a whole, but his motion did not point out any defect in any count, and there was no error in overruling it. It does not appear that a change of venue was asked for or granted, but after said motion to quash had been overruled by a special judge, defendant waived arraignment, evidence was heard, appellant was found guilty, and judgment was rendered. Afterward a motion for a new trial was filed when the regular judge was presiding and was overruled by him. But it does not appear that appellant in any manner objected to these different judges acting in the case, and the record contains nothing whatever indicating that there was anything irregular in the special judge sitting in the absence of the regular judge, and the regular judge afterward resuming his place.

Appellant was found "guilty by the 2nd count of the affidavit." Each count bearing that number charged (among other things) that on October 25, 1922, appellant kept intoxicating liquor with intent to sell, barter, give away and otherwise dispose of it in violation of law. Witnesses testified that on that date he had in his possession in a house at Indianapolis which he was then occupying a gallon and a half of whisky, which he testified had been made by him, and that he also had a ten gallon still, a coil, an oil stove, a hundred gallons

of mash, and some jars, concealed up under the roof in an attic over his kitchen, which was reached by going through a hole in the rear porch. In his testimony defendant admitted he had used these articles in making whisky after he placed them there. The fact that he had more than a gallon of whisky in his possession was sufficient to support an inference that he was keeping it with intent to sell, in the absence of any denial of such intent or any evidence tending to disprove such intent. §§28, 35, Acts 1917 p. 31, §§8356b1, 8356i1 Burns' Supp. 1921. And while defendant testified he said nothing as to his intent.

There was also evidence that more than two months before the date in October on which this liquor was found in his possession the police officers had arrested appellant and had then seized a twenty-five gallon still in operation, five barrels of mash, and seven gallons of whisky, in the same house, and that appellant was convicted on August 25, 1922, of having those things in his possession, and had paid the fine and served the sentence then imposed. Appellant and his wife testified that the still, coil, oil stove and whisky found in his possession in October were all there in August, but that the officers failed to find them; and upon this evidence counsel for appellant seek to found a claim that he had been punished once for their possession, and could not be fined and imprisoned a second time for the same cause. There is nothing in this point, even if the facts testified by appellant and his wife were to be taken as true. The offense of having possession of two stills and a quantity of whisky with intent to sell the whisky in August, of which appellant had been previously convicted, was not the same offense as having possession of a quantity of whisky with like intent the following October, of which he now stands convicted, even though it

be part of the same whisky. Punishment for having committed an offense in August did not render him immune from punishment for thereafter committing the same offense in October.

Appellant complains that the affidavit on which the search warrant was issued and which was copied into it did not correctly describe the house that was

5.  searched, since it charged that the intoxicating liquors alleged to be kept for the purpose of sale, etc., in violation of law, and the stills and other devices alleged to be kept for the purpose of manufacturing intoxicating liquors in violation of law, were kept by a person or persons unknown, at 3209 North Temple avenue, in the city of Indianapolis, Marion county, Indiana, while he and his wife both testified that they lived in the house which was searched, and that it was No. 3207 North Temple avenue, in said city. But two other witnesses testified that the house searched by the police was No. 3209 North Temple avenue, and that appellant lived there, and this court will not weigh the conflicting evidence as to the correct street number of the house.

There is nothing in the point suggested by counsel that the party on whose affidavit the search warrant was issued could have known who owned and

6.  occupied the house, if he had used diligence in making proper inquiries at the proper places. One who knows that the law is being violated in a certain house and does not know the name of the occupant is not required to wait until he can find out his name before causing a warrant to issue. The statute and the constitution only command that the place to be searched and the person or thing to be seized shall be "particularly described" in the affidavit and search war-

7.  rant; and describing the place as a residence bearing a certain number on a designated street

in a city, county and state that are named, is a sufficient description, even though it be stated that the name of the owner is unknown. §§56, 1924 Burns 1914, Art. 1, §11, Constitution, Acts 1905, ch. 169, p. 596, §57.

The judgment is affirmed.

Willoughby, J., absent.