## BAILEY v. STATE OF INDIANA.

[No. 24,476.   Filed June 4, 1924.]

INTOXICATING LIQUORS.—*Maintaining Nuisance.—Proof of Selling and Intent to Sell.—Statute.*—Proof that more than a gallon of whisky was found in a room occupied by defendant, charged with maintaining a nuisance by conducting a place where intoxicating liquor was sold and kept for sale, was sufficient to support a finding that accused was engaged in the sale of such liquor as a beverage, in view of §§28 and 35 of the Prohibition Acts (Acts 1917 p. 15, §§8356b1, 8356i1 Burns' Supp. 1921), which make the possession of that quantity of whisky *prima facie* evidence that the person found in possession thereof is engaged in the sale of intoxicating liquor as a beverage and that such liquor is kept for that purpose.

From Marion Criminal Court (54,914); *Frank A. Symmes*, Special Judge.

Charles Bailey was convicted of maintaining a common nuisance as defined in the Prohibition Law, and he appeals. *Affirmed.*

*Clyde C. Karrer* and *W. W. Hyde,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—Appellant was charged in an affidavit containing several counts, with various violations of the liquor law. Upon a trial by the court, he was found guilty under the count which charged him with main-

taining a common nuisance, as defined by §8356t Burns' Supp. 1921, Acts 1917 p. 15.

Said section makes it a misdemeanor to maintain or assist in maintaining any room, etc., where intoxicating liquor is sold, manufactured, bartered or given away in violation of law, or to maintain any place where such liquor is kept for sale, barter or delivery, and all intoxicating liquor kept in and used in maintaining such a place is declared a common nuisance.

The only ruling assigned as error is in the overruling of the motion for a new trial. The only contention of appellant, under such assignment, is that the evidence is not sufficient to sustain the court's finding.

There was evidence from which the court could find that appellant had rented and was occupying a room at 1117 North West Street, in the city of Indianapolis. That during such time, the police, by virtue of a warrant, searched said premises and found therein thirty-five gallons of "white mule" whisky in five-gallon jugs, eight pints of whisky, eighteen empty five-gallon jugs, one hundred empty bottles, five empty one-gallon jugs, three funnels, one basket of corks and a lot of broken glass jugs. The appellant testified that he had never rented the room in question or been in possession of the same, but, upon this issue of fact, the court found against him.

Since more than a gallon of intoxicating liquor was found in such room, and there being evidence which justified the court in finding that appellant was in possession thereof, and there being no evidence tending to show that the possession of said liquor was lawful or that it was kept for any lawful purpose, then the court could find from such facts that appellant was engaged in the sale of such liquors as a beverage. §§28, 35, Acts 1917 p. 15, §§8356b1, 8356i1 Burns' Supp. 1921; Boyd v. State (1924), 195 Ind. ——, 143 N. E. 355.

It follows that there was evidence tending to prove all necessary elements of the crime charged, and as we cannot weigh conflicting evidence, we cannot disturb the finding.

Judgment affirmed.