## CHAPPELL v. STATE OF INDIANA.

[No. 24,150. Filed February 18, 1926.]

1. INTOXICATING LIQUORS.—*Possession of intoxicating, liquor was not a criminal offense under 1921 amendment of prohibition law.*—Mere possession of intoxicating liquor was not a criminal offense under the 1921 amendment of the prohibition law of 1917 (Acts 1921 p. 736, §1, §8356d Burns' Supp. 1921). p. 275.

2. CRIMINAL LAW.—*Admission or exclusion of cumulative evidence discretionary with trial court and will not constitute reversible error unless abuse of discretion shown.*—The admission or exclusion of cumulative evidence is largely within the sound discretion of the trial court, and will not constitute reversible error unless an abuse of such discretion is clearly shown. p. 276.

3. INTOXICATING LIQUORS.—*Exclusion of testimony, of defendant's daughter that he had requested his wife not to have liquor about premises not abuse of discretion where cumulative.*— In a prosecution for violating the prohibition law by possessing intoxicating liquor with intent to sell, .held not an abuse of discretion to exclude testimony of defendant's daughter that, immediately following a former conviction, he requested his wife not to have any more intoxicating liquor about the premises, where other witnesses had testified to the same thing, and this was not contradicted. p. 276.

4. INTOXICATING LIQUORS.—*Provision of prohibition law of 1917 that possession of specified quantities of liquor should be "prima facie evidence" of intent to sell merely created a presumption of that intent, which would yield to evidence showing the contrary.*—Section 35 of the prohibition law of 1917 (§8356i1 Burns' Supp. 1921) declaring that possession of a certain amount of intoxicating liquor should be "*prima facie* evidence" that it was kept for the purpose of sale was merely a legislative declaration that a certain presumption or inference should arise from the fact of possession of more than the specified quantity of liquor, but such presumption or inference would yield to evidence showing the contrary. p. 276.

5. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction of keeping. intoxicating. liquor with intent to sell.*— Evidence *held* to show no more than possession of intoxicating liquor, which was not sufficient to sustain conviction for keeping such liquor with intent to sell under the prohibition law of 1917 as amended in 1921. p. 277.

6. INTOXICATING LIQUORS.—*Proof of possession of intoxicating, liquor without proof of intent. to sell insufficient to sustain*

*conviction of possessing with intent to sell.*—Proof of possession of intoxicating liquor without proof of intent to sell, by established presumptions or otherwise, is insufficient to sustain a conviction of possessing such liquor with intent to sell. p. 277.

From Marion Criminal Court (52,742); *Frank S. Roby,* Special Judge.

George Chappell was convicted of violating the prohibition law of 1917, as amended in 1921, and he appeals. *Reversed.*

*Robbins, Weyl & Jewett,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—The record at bar brings to our attention two affidavits, one of date November 18, 1921, and the other November 25, 1921, both filed in the city court of Indianapolis as of the date on which they were each executed. The affidavit of November 25, is in four counts, one to four both inclusive, and the affidavit of November 18, has five counts, two to six both inclusive.

On November 25, 1921, appellant was convicted in the city court, and he appealed to the criminal court of Marion county where he was again tried before a special judge February 8, 1922, and found guilty "as charged in the second count of the affidavit."

Count two in both affidavits charged a violation of §1, Acts 1921 p. 736, §8356d Burns' Supp. 1921. Count two of the November 18 affidavit charged that appellant "did then and there unlawfully manufacture, transport and possess intoxicating liquor; and did then and there unlawfully keep and have in his possession intoxicating liquor, with intent then and there to sell * * * and otherwise dispose of the same * * *."
Count two of the November 25 affidavit charged that

on November 25, 1921, appellant "did then and there unlawfully keep intoxicating liquor, to wit: whisky, * * * with intent then and there to sell * * * and otherwise dispose of the same * * *," and that on August 1, 1921, and on October 22, 1921, appellant was convicted, etc.

The overruling of appellant's motion for a new trial, wherein he asserted that the decision of the court was not sustained by sufficient evidence; that it was contrary to law; and that the court erred in excluding certain testimony, is the only error relied on for a reversal.

Other than a stipulation that on August 1, 1921, and on October 22, 1921, appellant was convicted of possessing home brew, there is no evidence whatever referring to an offense committed by him on November 25. All of the evidence pertains to an offense starting with the morning of November 17, 1921, when two Indianapolis police officers and two federal prohibition officers, with a search warrant, appeared at the home of appellant and searched the same. Hence, we must assume that his conviction rests on count two of the November 18 affidavit.

As to the evidence disclosed by the search, it appears that in a little closet in an upstairs small bedroom, they found three five-gallon jugs containing white mule whisky wrapped in gunny sacks; in the kitchen on the floor behind the stove range, in plain view of any one entering the room, fifty-nine bottles containing liquid variously termed by the witnesses as "home brew," "beer," "home-made beer," and "root beer," and, on the back porch on a table, three bottles of "regular beer." The officers took charge and removed all of the jugs and bottles containing the liquor. Without dispute, it appears that for a week continuously prior to ten o'clock the night before the morning the search was made and

the liquor found, appellant was in Hamilton county on a hunting trip, and while he was thus away from home, his wife made the beer. As an explanation for the presence of the whisky, appellant's wife testified that she sub-rented five rooms of their house and on Tuesday next before Thursday when the search was made, she rented the room in which the whisky was found to one Frank Roberts who, on Tuesday evening, brought it there and paid her fifteen dollars for the privilege of leaving it a few days. The prohibition officers testified to admissions and statements made by appellant's wife out of court as to how the whisky came to her house, which, in some respects, tended to contradict her testimony, but none of her statements, either in or out of court, connected her husband with any of the liquor. Appellant's statement to the officers at the time of the search was that he knew nothing about the whisky being in the house or how it came to be there. At the trial, he denied knowing anything about the whisky before it was found. Said he had nothing whatever to do with it. There was no showing that he was engaged in any business which would likely induce his customers to call for intoxicants, nor evidence that he sold or offered to sell any of the liquor, or that he, in any other manner, offered or disposed of any of it, nor evidence from which any inference might be drawn that he manufactured or transported it.

Mere possession of intoxicating liquor was not an offense under the 1921 act, *supra,* but it was not so declared by this court until April 19, 1923 (*Crabbs* v. *State* [1923], 193 Ind. 248, 139 N. E. 180), and again on May 31, 1923 (*Powell* v. *State* [1923], 193 Ind. 258, 139 N. E. 670), although appellant had been theretofore twice punished under this act for having possession of home brew.

First, we notice that the trial court excluded prof-

fered testimony of appellant's daughter to the effect that, immediately following his former convic-

2, 3. tion, he requested his wife not to have any more intoxicating liquor about the premises. Such testimony, uncontradicted, was given by other witnesses. Hence, further evidence on the subject must be regarded as cumulative, and the matter of its admission was largely within the sound legal discretion of the trial court. Such discretion may be reviewed, but it will not constitute reversible error unless its abuse is clearly shown, which was not done in this instance. *Bassett* v. *State* (1921), 190 Ind. 213, 130 N. E. 118; *Hand* v. *Kidwell* (1884), 92 Ind. 409.

There is no foundation or pretext whatever for saying that appellant was guilty as charged, in so far as he had any connection with the beer, but as

4. to the whisky, the statute declares the possession of the quantity found in his dwelling house, and presumably in his possession, *prima facie* evidence that he was engaged in the sale thereof as a beverage or that it was being kept for sale in violation of law. §§28, 35, Acts 1917 p. 15, §§8356b1, 8356i1 Burns' Supp. 1921. This statutory phrase, "prima facie evidence," is a legislative declaration merely that a certain presumption or inference shall arise or may be drawn from the fact of possession of more than a certain quantity of intoxicating liquor. Such a declaration is simply the giving to an established fact artificial and evidentiary force which yields before evidence showing the facts (*Welty* v. *State* [1912], 180 Ind. 411, 100 N. E. 73), or we may say it is available to the party in whose favor it arises until overcome by opposing evidence. *Cleveland, etc.. R. Co.* v. *Wise* (1917), 186 Ind. 316, 319, 116 N. E. 299; *Kilgore* v. *Gannon* (1916), 185 Ind. 682, 114 N. E. 446; *Boyd* v. *State* (1924), 195 Ind. 213, 143 N. E. 355.

In the case last cited it was said: "The fact that he had more than a gallon of whisky in his possession was sufficient to support an inference that he was keeping it with intent to sell, in the absence of any denial of such intent or any evidence tending to disprove such intent."

As said in Elliott on Evidence: "A presumption operates to relieve a party in whose favor it operates from going forward in argument or evidence, and serves the purpose of a prima facie case until the other party has gone forward with his evidence, but, in itself, it is not evidence, and involves no rule as to the weight of evidence necessary to meet it." 1 Elliott, Evidence §93.

In the case at bar, there is not only a denial on the part of appellant of any knowledge of possession of the whisky, supplemented by evidence showing want of intent, but an entire failure of circumstances to support guilty knowledge other than the fact, if it may be so considered, of possession. We account for the finding of the trial court only on the supposition that it acted upon the theory that to "possess" intoxicating liquor was an offense, but since under the act of 1921 it was not, the conviction in this case must rest upon proof of possession of intoxicating liquor with intent to sell, etc. Considering alone the evidence most favorable to appellee, we conclude that possession of intoxicating liquor by appellant is the limit of the inference to be drawn. Possession without evidence of an intent to sell was insufficient to sustain a conviction of the offense charged.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.