FRED A. RUSSELL v. STATE.

No. A-6859.    Opinion Filed Nov. 8, 1929.
(282 Pac. 369.)

164

J. G. Ralls, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Atoka county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $100 and confinement in the county jail for a period of 30 days.

Defendant contends that the search warrant was illegal, because not in proper form, and that the search and seizure was therefore without authority of law. The defendant complains that, because his name does not appear in the body of the warrant immediately after the letter (a), therefore the affidavit is vague, indefinite, and void. The command in the body of the warrant is that the officer make diligent search of the premises described, and, if any of the property above described is found upon the premises or person of the said F. A. Russell, to take the same into his custody, and forthwith arrest said F. A. Russell and bring him, together with the property, before the justice of the peace at his office in Atoka in said county.

Considered altogether, the warrant directs the officer to search the premises of F. A. Russell, and, if any intoxicating liquor is found to bring such liquor and the body of said F. A. Russell before the court. The warrant is not a model, either in the description of the premises to be searched or in its form, but the failure to insert the name of F. A. Russell, the defendant, in the introduction to the warrant, is an irregularity which does not render the warrant void. United States v. Kaplan (D. C. 286

F. 963; United States v. Camarota (D. C.) 278 F. 388; United States v. Borkowski (D. C.) 268 F. 408; Boyd v. State, 195 Ind. 213, 143 N. E. 355.

The officers found 384 pints of Choctaw beer and 18 gallons in jars and kegs upon the premises of the defendant. The officers, after qualifying, testified that this beer was intoxicating. The defendant did not take the witness stand, and offered no defense. The evidence was sufficient to support the verdict of the jury.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.