Franklin Paul MAIDEN, Sr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 483S153.

Supreme Court of Indiana.

May 7, 1985.

Terrance W. Richmond, Public Defender, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of voluntary manslaughter, a class B felony, Ind.Code § 35–42–1–3 (Burns 1979) and was sentenced to sixteen (16) years imprisonment. His direct appeal presents five (5) issues for our review, as follows:

(1) Whether the trial court erred in admitting into evidence an incriminating statement made by him;

(2) Whether the trial court erred in admitting into evidence State's exhibits 11 and 12, photographs of the decedent;

(3) Whether the trial court erred in allowing two of the State's witnesses to testify concerning other acts of violence committed upon the decedent by the Defendant and in allowing one witness to testify concerning acts of violence upon her by the Defendant;

(4) Whether the trial court erred in refusing to give Defendant's tendered final instruction No. 4 which would have informed the jury that reckless homicide is a lesser included offense of murder;

(5) Whether the evidence was sufficient to sustain the conviction.

The record discloses that at approximately 6:20 p.m. on January 20, 1982, police and an ambulance were dispatched to Defendant's home in Richmond, Indiana. Upon arrival, the emergency medical technician and police officers observed a four year old male lying face down on the floor in a pool of vomit. A medical technician immediately began resuscitative procedures, but these efforts were to no avail. The child was pronounced dead on arrival at Reid Memorial Hospital one-half hour later. Dr. Olin Wiland conducted an autopsy and determined that death had been caused by complications from a lacerated pancreas. It was Dr. Wiland's opinion that the injury had been caused by a severe blow to the child's abdomen within six (6) to thirty-six (36) hours prior to his death. In addition, Wiland testified that the child's body bore fifty-eight (58) contusions.

Police investigated the child's death by interviewing several persons, including the Defendant. In a statement given to police officers, Defendant admitted that he had hit his son in the abdomen with his fist and that the child had subsequently become sick. He was then placed under arrest.

ISSUE I

■ Defendant argues that the trial court erred in admitting into evidence a tape recorded inculpatory statement which he had made to police. We do not address his argument on this issue, however. Prior to trial, Defendant filed a motion to suppress the tape recorded statement on the grounds that it had been illegally obtained in violation of his rights under the Fifth and Sixth Amendments of the Constitution. His motion to suppress was denied. At trial, Officer Denzil Williams summarized, without a meritorious objection,[1] the Defendant's confession. The tape recording was then admitted into evidence, over Defendant's additional objections, and was played for the jury. Assuming, *arguendo,* that the tape recorded statement should have been suppressed, its admission into evidence was, nevertheless, harmless inasmuch as Williams had already testified without creditable objection as to its contents. "Error in the admission of evidence

---

1. Defense counsel's objection to Williams' testimony was premised upon the alleged failure of the State to introduce prior evidence of the *corpus delicti.* The objection was overruled, and Defendant has not, on appeal, argued that such ruling was erroneous.

is harmless when other evidence having the same probative value is admitted without objection and is not refuted." *Walton v. State*, (1980) 272 Ind. 398, 401, 398 N.E.2d 667, 670, and cases cited therein.

■ In the interest of conserving judicial time and energy, we decline to treat the technical merits of Defendant's arguments inasmuch as various and differing grounds for his contentions have been presented by his motion to suppress, his objections at trial, his motion to correct errors, his statement of issues in his brief, and the argument section of his brief. In his brief, he argues for the first time that the statement should have been suppressed because it was the product of an illegal detention in violation of the Fourth Amendment. The grounds urged on appeal may not differ from those raised at trial. *Survance v. State*, (1984) Ind., 465 N.E.2d 1076, 1083. Finally, the record presented for our review contains neither the transcript of the hearing on the motion to suppress nor the tape recorded statement. *See Crane v. State*, (1978) 269 Ind. 299, 302, 380 N.E.2d 89, 92.

### ISSUE II

During cross-examination of the Defendant, the State introduced and the court admitted into evidence photographs of the decedent, State's exhibits numbers 11 and 12, over Defendant's objection that they were repetitious of other photographs already admitted into evidence, namely exhibits 1 and 2. Exhibit number 1 was a full length photograph of the decedent lying on his back. Exhibit number 2 was a close-up of the decedent's back and buttocks. Exhibit number 11 depicted the decedent's back, and exhibit number 12 depicted the back of his legs.

In *Hyde v. State*, (1983) Ind., 451 N.E.2d 648, we set forth the following criteria for determining whether the admission into evidence of cumulative photographs constitutes reversible error:

"Photographs are generally admissible in evidence if testimony concerning that which they depict would be proper. *Ste-*

*phens v. State*, (1973) 260 Ind. 326, 331, 295 N.E.2d 622, 625. 'In determining the relevancy of a photograph the court will inquire as to whether or not a witness would be permitted to describe the objects photographed.' *New v. State*, (1970) 254 Ind. 307, 310, 259 N.E.2d 696, 698. . . . .

"Relevant evidence will not be rejected simply because it is cumulative, even though it may be inflammatory. *Feller v. State*, (1976) 264 Ind. 541, 545, 348 N.E.2d 8, 13, although it should be excluded if its potential to prejudice the jury improperly outweighs its probative value, *Carroll v. State*, (1975) (concurring opinion, Prentice, J.) 263 Ind. 696, 709, 338 N.E.2d 264, 274. The admission or rejection of cumulative evidence, however, lies within the sound discretion of the trial court, and its ruling thereon will not constitute reversible error unless an abuse of that discretion is clearly shown. *Gee v. State*, (1979) 271 Ind. 28, 37, 389 N.E.2d 303, 310; *Chappell v. State*, (1926) 197 Ind. 272, 276, 150 N.E. 769. The test is one of balance. *Akins v. State*, (1981) Ind., 429 N.E.2d 232, 236."

*Id.* at 650.

Defendant contends that the trial court abused its discretion in admitting the photographs because they were submitted, not during the State's case-in-chief, but rather during the cross-examination of the Defendant. He further contends that the State merely wanted "to again pass for the jury's view photographs of the corpse."

■ Dr. Wiland had testified that the victim's body bore fifty-eight separate bruises. During the State's cross-examination of the Defendant, the Prosecutor attempted to determine the cause of the bruising. The Defendant identified the photographs depicting the bruises as pictures of his son and further testified that he did not know how his son had received the bruises and that he had not seen them until he saw his son's body at the hospital. The photographs were relevant to show the nature and extent of the bruising. More-

over, we find that photograph number 12 was not repetitious in that it depicted an entirely different view of the body than did the other photographs. Even though exhibit number 11 was somewhat cumulative of exhibit number 2, it was not gruesome or inflammatory. Defendant has failed to show that the jury was prejudiced because of the cumulative nature of the photograph. Hence, we find no abuse of discretion in the trial court's ruling.

## ISSUE III

Prior to trial, Defendant filed a motion *in limine* by which he sought to prevent the introduction into evidence of prior acts of violence by him against the decedent or anyone else. At trial, two witnesses were permitted to testify, over Defendant's objection, that he had physically abused his child on prior occasions. Defendant argues that such evidence was irrelevant and prejudicial.

█ Although evidence of uncharged crimes or other bad acts is generally inadmissible as proof of the accused's guilt, such evidence may properly be introduced for the purpose of showing intent, motive, purpose, identity, or a common scheme or plan. *Moore v. State*, (1984) Ind., 471 N.E.2d 684, 690, and cases cited therein. Prior acts of child abuse have been found admissible in cases in which defendants were charged with killing their infant children. *Hill v. State*, (1983) Ind., 445 N.E.2d 994, 995, and cases cited therein. There was no error in the admission of this evidence.

█ In addition, Defendant's former girlfriend was allowed to testify that on one occasion in 1979 or 1980 when she was living with him, the Defendant had tried to choke her and that she had passed out. We agree with the Defendant that such evidence was irrelevant and should not have been admitted into evidence; however, in view of the evidence of Defendant's guilt, we find that there is no substantial likelihood that this evidence contributed to the verdict, and we deem it to have been harmless. *Loy v. State*, (1982)

Ind., 436 N.E.2d 1125, 1131; *Miller v. State*, (1982) Ind., 436 N.E.2d 1113, 1114.

## ISSUE IV

█ The trial court refused to give, as part of its final instructions, Defendant's proposed Instruction Number 4 which would have informed the jury that reckless homicide is a lesser included offense of murder. Assuming, *arguendo*, that the offense of reckless homicide may, under certain circumstances, be an included offense of murder, the trial court, nonetheless, properly refused the instruction as there was no evidence rendering it applicable. *Jones v. State*, (1982) Ind., 438 N.E.2d 972, 975–976. Although Defendant stated that he had attempted to stop his son from running through the house by extending his arm and that in so doing he had struck the child in the stomach, there is no evidence of any blow of sufficient severity that could, by any stretch of the imagination, have been recklessly inflicted.

## ISSUE V

Defendant contends that the evidence is not sufficient to support the conviction. Ind.Code § 35–42–1–3 provides for the crime of voluntary manslaughter as follows: "(a) A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a class B felony." Defendant concedes that there is evidence that he knowingly struck the child in the abdomen with his fist while acting under "sudden heat." Nonetheless he argues that the evidence is not sufficient to prove that he "knowingly" killed his son.

█ The pathologist who performed the autopsy testified that the victim was a four year old child of below average size and weight, that death was caused by a severe blow to the child's abdomen which resulted in a lacerated pancreas, that, afterwards, the child would have suffered abdominal pain, nausea, and vomiting, and that the child's body bore fifty-eight bruises, fifty-five of which were of approximately the

same age, one to two days old, at the time of death.

In *Corbin v. State*, (1968) 250 Ind. 147, 150, 234 N.E.2d 261, 262, a case in which we affirmed appellant's conviction for the beating death of his twenty-one month old daughter, the Court observed:

"Anyone with reasonable judgment would know that one of the blows of the magnitude of any of these numerous blows could have fatally injured this child, which apparently was sick at the time. Where such blows of such magnitude are repeated, any jury would have a right to conclude that the perpetrator intended to kill."

*See also Horne v. State*, (1983) Ind., 445 N.E.2d 976, 978–979. Defendant argues that the facts in *Corbin* and *Horne* show that the appellants inflicted numerous blows to their victims. Here, he argues, the evidence discloses that a single blow caused the death of his son and that he could not know that a single blow could be fatal. As in *Corbin*, we find that a person of reasonable judgment would know that a blow of the severity necessary to lacerate the pancreas would be fatal to a small child. The evidence was sufficient to sustain the conviction. *See Hill v. State*, (1983) Ind., 445 N.E.2d 994, 995.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.