**Junior G. RHOTON, Appellant
(Defendant below),**

**v.**

**STATE of Indiana, Appellee
(Plaintiff below).**

**No. 984S350.**

Supreme Court of Indiana.

Dec. 17, 1985.

James O. Anderson, Jr., Lapel, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Junior G. Rhoton was convicted of burglary, a class B felony, at the conclusion of a jury trial in the

Madison Superior Court on March 23, 1984. On April 16, 1984, he was sentenced to sixteen (16) years. Appellant's direct appeal raises the following issues:

1. whether the conviction was supported by sufficient evidence;

2. whether certain evidence was cumulative and prejudicial so as to constitute reversible error; and

3. whether the sentence imposed was manifestly unreasonable.

On January 29, 1982, the mobile home of Sylvia Swinford was burglarized. Various items of jewelry were taken, as well as two older model firearms. About a year after the burglary the police received information concerning the identity of two suspects, which information caused the police to remove the case from suspended status. Officer Hanna interrogated the two suspects, Blythe and Sartain, both of whom implicated Appellant. Both mentioned being present at the apartment of Valeta Borkowski, Swinford's niece, when Appellant and Borkowski discussed homes Appellant possibly could burglarize. Borkowski allegedly suggested homes of both Swinford, her aunt, and Nancy Kumkowski, Borkowski's sister, since she knew both would be at the wake for Swinford's deceased mother. Both homes were burglarized on the same night.

I

Appellant claims his conviction was based on insufficient evidence. Specifically, Appellant maintains the entire case for the prosecution rests on the uncorroborated and self-serving testimony of Blythe and Sartain, and the State's attempt to place one of the firearms in possession of Appellant through testimony by State's witness Stonebarger. This argument amounts to nothing more than an invitation for this Court to judge the credibility of the witness. This we will not do. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. It has long been held within the province of the trier of fact to reject a defendant's version, determine all inferences arising from the evidence, *and to decide which*

*witnesses to believe. Everroad v. State* (1982), Ind., 442 N.E.2d 994, 1003, *reh. denied* (1983). If there is sufficient evidence of probative value which would support the verdict, it will stand. *Harris*, Ind., 480 N.E.2d at 937.

In the present case there were discrepancies in the testimony. This, however, is not unusual in a trial, and is perhaps even inherent in our adversarial system. Appellant finds fault with the fact that one of the witnesses was an accomplice to the burglary, yet he does not show any agreement between that witness and the State, nor does he show any other reason to discount the testimony. The remainder of Appellant's argument points out inconsistencies in the testimony and concludes the State's entire case is built on incredible evidence. In reading the testimony we find the inconsistencies to be minor. Furthermore, there is ample evidence supporting the jury's decision to believe the State's witnesses.

II

Appellant next contends the testimony of State's witness Officer Hanna was cumulative and prejudicial, and requires a reversal of his conviction. Appellant fails to specifically cite what portion of Hanna's lengthy testimony is objectionable, thus, we are left to speculate and can only surmise Appellant is concerned with Hanna's testimony wherein he related conversations with other witnesses. Appellant objected at trial to this testimony on the basis that it was hearsay. The objection was overruled since the testimony was not offered as truth of the matters asserted, but rather, to show what course the witness' investigation took. These facts are identical to those in *Mead v. State* (1982), Ind., 443 N.E.2d 44, 59. There we held that as long as the testimony was not offered as truth of the matters asserted, but rather, to show how the investigation was conducted, it was admissible. *Id.* Appellant concedes that allowing cumulative evidence is within the trial court's discretion, citing *Chappel*

*v. State* (1926), 197 Ind. 272, 276, 150 N.E. 769, 770, but argues the evidence at issue should nonetheless be inadmissible. He shows no reason to overrule our prior decisions, and we decline to do so. Officer Hanna's testimony was properly admitted.

### III

Finally, Appellant maintains his sentence was manifestly unreasonable. He alleges the trial court failed to consider certain mitigating factors including that he had dependent children and disabled parents, that his job skills could lead to a productive life, that he was getting married, and that he revealed information to the police concerning numerous other burglaries.

 The applicable statute at Appellant's sentencing was Ind.Code § 35–38–1–7 (Burns Supp.1984) and was followed properly. In revealing information to the police concerning other burglaries, Appellant implicated himself in at least thirty (30) of them. While he desires this assistance to be viewed as a mitigating factor, we find no fault with the trial court's considering it as an aggravating factor. Other aggravating factors include two previous felony convictions for rape and breaking and entering; possible arrests for malicious cutting with intent to kill and car theft; and an extensive police record involving, *inter alia,* disorderly conduct, driving while intoxicated, public intoxication, attempted theft, criminal mischief, trespass, battery, theft, and burglary, most of these on numerous occasions. In his own pre-sentence statement Appellant stated the police and prosecutor were totally unfair with him, he was denied a fair trial, the jury did not hear the true story, the prosecution shielded the co-defendants, and he was discriminated against. He showed no remorse, and stated he does not see himself as a criminal. The recommendation of the pre-sentence report was for the maximum sentence, twenty (20) years.

We will not revise a sentence authorized by statute and imposed by the trial court unless it is manifestly unreasonable in light of the nature of the offense and character of the offender, that is unless no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence was imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev.Sen. 2. For the above-stated reasons Appellant has not met this burden.

The trial court is in all respects affirmed.

GIVAN, C.J., and PRENTICE and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.