Dallas WASHINGTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1285S512.

Supreme Court of Indiana.

Aug. 18, 1987.

Charles A. Beck, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Rape, a Class A felony, Robbery, a Class B felony, and Confinement, a Class B felony. Appellant was also found to be an habitual offender. Appellant received thirty (30) years on the rape charge and ten (10) years on the robbery charge, the sentences to run consecutively. On the confinement charge, appellant received ten (10) years, which was enhanced by thirty (30) years by reason of his habitual offender status.

The facts are: On January 27, 1985, at approximately 7:20 a.m., N.E., the victim in this case, was awakened by a flashlight directed at her as she slept in her bed. Although the sun had not yet come up, the room was partially lighted by outside light coming through the window. Upon awakening, she observed a man whom she later identified as appellant brandishing a knife and holding a flashlight.

When she asked appellant what he was doing there, he ran from the bedroom into the kitchen. The victim immediately jumped out of bed and ran toward the living room where her husband, who was an invalid, was asleep in a chair. She then observed that appellant had not left her home as she had hoped, but was still in her kitchen. At that point, appellant told her to return to the bedroom or he would "kill that old man in the chair." She returned to the bedroom followed by appellant. Appellant then raped her and took several items of personal property from the home.

The victim was able to give a detailed description of her assailant to the police,

including the type of glasses, gloves, and clothing that appellant was wearing. After appellant left, it was discovered that the front window in the home had been broken and the iron bars covering the window had been torn away.

After viewing numerous photographs at the police station, the victim picked out the photograph of appellant. She subsequently identified him at a lineup conducted at the police station.

■ Appellant claims the trial court erred in admitting into evidence State's Exhibits Nos. 2, 3 and 4. Exhibit No. 2 was a pair of old jersey gloves and Exhibit No. 3 was a stocking cap, each of which were recovered by detectives at appellant's residence. Exhibit No. 4 was a jacket in appellant's possession at the time he was arrested. The victim identified each of these objects as similar in appearance to those she observed appellant wearing at the time of the attack.

Appellant claims these exhibits fail to meet the criteria established for the admission of relevant and material evidence. We fail to see any merit to appellant's argument in this regard. Items of wearing apparel, which a victim observes on her attacker, are relevant and material evidence. It was proper for the victim to identify these objects. Appellant makes the point that the victim only stated that the objects looked like the items which appellant was wearing. It would be unrealistic to expect a victim to be able to positively identify a certain pair of gloves or a certain cap which her attacker had been wearing at the time of the crime. The most that can be expected is that the witness would be able to testify that the objects found in appellant's possession at the time of his arrest "looked like" the objects she observed at the time of the attack. *Bennett v. State* (1984), Ind., 470 N.E.2d 1344; *Williams v. State* (1983), Ind., 455 N.E.2d 299. The degree of certainty or uncertainty in the witness' testimony concerning the identity of the objects is a matter of weight to be determined by the jury. *Id.* There was no error in the admission of State's Exhibits Nos. 2, 3 and 4.

■ Appellant claims the trial court erred in overruling his motion for mistrial. Prior to trial, appellant filed a motion in limine to prevent any reference to his involvement in other unrelated crimes. The trial court granted the motion. During the testimony of witness Jones, reference was made to a statement attributed to appellant that the police were trying to connect him to a murder and other charges. The trial court first sustained a motion for a mistrial; however, after further argument, the court reversed itself and denied the motion. The court then admonished the jury to disregard the statement. Jones, who was an inmate at the jail, had a conversation with appellant shortly after appellant had observed a television news program.

Under direct examination by the prosecuting attorney, the following occurred:

"Q. And, was there a story about this crime on television that night?

A. Yes, sir, it was on the news.

Q. And what did the defendant say, if anything, to you concerning this case, after seeing that news clip on television?

A. Well, I asked him, after we go back down from the TV, I asked him if, uh, he thought they was [sic] going to be able to pin the murder on him or any of them [sic] other charges, and, uh, he said, uh, they keep ... digging."

At that point, appellant's counsel objected and the rulings above-described resulted.

This is a situation very similar to the case of *Johnson v. State* (1982), Ind., 432 N.E.2d 1358, wherein it was held that after such a response by a witness, the admonition of the court to the jury was sufficient. We so hold in this case. Later in the trial a similar situation arose when State's witness, Sergeant Jack Gillespie, was testifying that some property had been recovered from appellant's cousin's house, as well as other locations. Appellant interpreted these remarks to infer a connection between him and other crimes and therefore again moved for mistrial. The court overruled the motion for mistrial, but admonished the jury as in the prior instance. There was no error.

Appellant claims the evidence is insufficient to support the verdict beyond a reasonable doubt. He takes the position there was no physical evidence recovered at the scene of the crime that would place him in or near the victim's residence. He further points out that his brother, Andrew Washington, testified that he could not have committed the crime as charged. Although the victim had stated that at the time of the attack, appellant was clean-shaven, appellant's brother testified that at all times prior to and after the attack, appellant had facial hair. Appellant did have facial hair at the time the victim identified him. This was a matter of conflicting evidence to be weighed by the jury. *Rhoton v. State* (1985), Ind., 486 N.E.2d 495.

The uncorroborated testimony of the victim is sufficient to identify and convict appellant. *Brendell v. State* (1984), Ind., 460 N.E.2d 919.

There is ample evidence in this record to sustain the jury's verdict on all counts.

By the same token, appellant's final claim that the verdict is contrary to law because there is no proof beyond a reasonable doubt as to each and every essential element of the crimes charged must fall.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.