Clay A. HYDE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 782S272.

Supreme Court of Indiana.

Aug. 2, 1983.

Daniel L. Weber, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Defendant (Appellant) was convicted, after trial by jury, of three counts of armed robbery, Ind.Code § 35–42–5–1 (Burns.1979) and was sentenced to three concurrent terms of fourteen (14) years imprisonment. This direct appeal presents but one issue for review: whether the trial court erred in admitting into evidence State's Exhibit No. 6, a photograph, over Defendant's objection.

During trial the State offered into evidence three photographs (State's Exhibits Nos. 2, 5, and 6). The photographs depicted the contents of the trunk of a blue automobile alleged to have been used in the robbery, but each had been taken from a different angle. Defense counsel objected to the admission of the third photograph (State's Exhibit No. 6) as follows:

"MR. WEBER: We would object only on grounds that it's repetitive and doesn't show anything number five doesn't. Other than that, I have no objection."

The objection was overruled. Subsequently, Defendant assigned the error in his motion to correct errors as follows:

"2. The Court erred in admitting State's Exhibit # 6, a photograph which was cumulative, furnished no information not already available and drew the Jury's attention from the task of making a fair decision. Said State's Exhibit # 6

served merely as an 'evidentiary exclamation point' for the State."

State's Exhibit No. 2 depicts the back of the vehicle with its trunk open. The vehicle's license plate is visible as well as a tire and winter jacket contained in the trunk. State's Exhibit No. 5 depicts the open trunk and focuses on the tire, a collapsible chair, and a shotgun, the weapon alleged to have been used in the robbery. The license plate is not visible in this photograph. State's Exhibit No. 6 depicts the same objects as number 5; however it had been taken from a different angle. These photographs were admitted into evidence following their identification by the testimony of Detective James Utz. Detective Utz described each photograph and explained where the photographs were taken, the order in which they were taken, which items had been moved from their original position prior to being photographed, and why the items had been moved.

In his brief the Defendant argues that he had been prejudiced by the cumulative effect of admitting the third photograph (Exhibit 6) which depicted the weapon alleged to have been used in the Robbery:

"Here the Court is presented with a classic example of the introduction into evidence of evidence which merely served to float yet another photograph of a shotgun past the faces of the twelve people who decided defendant's fate. The license plate was already in evidence. The gun was already in evidence. A picture of the gun was already in evidence. There was no need for a photograph taken from the angle of State's Exhibit No. 6, for a photograph showing the items depicted in said exhibit, nor of a photograph of a scale as said exhibit. The only possible reason was to prejudice the jury against the defendant by repeatedly showing to them exhibits depicting the weapon alleged to have been used in the commission of the crime."

Although Defendant's motion to correct errors parallels this argument, his in-trial objection lacked specificity. Failure to object on specific grounds is generally con-

sidered to be a waiver of the issue on appeal. *Ferrier v. State,* (1977) 266 Ind. 117, 121, 361 N.E.2d 150, 152; *Jethroe v. State,* (1974) 262 Ind. 505, 510–11, 319 N.E.2d 133, 137–38. However, inasmuch as the issue here presented by the Defendant may be quickly disposed of, we will proceed to its merits, notwithstanding the procedural deficiency.

■ Photographs are generally admissible in evidence if testimony concerning that which they depict would be proper. *Stephens v. State,* (1973) 260 Ind. 326, 331, 295 N.E.2d 622, 625. "In determining the relevancy of a photograph the court will inquire as to whether or not a witness would be permitted to describe the objects photographed." *New v. State,* (1970) 254 Ind. 307, 310, 259 N.E.2d 696, 698. "The fact that some conditions had changed at the time photographs were taken does not necessarily render the photographs inadmissible, but the changes, if material, should be explained in such a way that the jury would not be misled." *Hubble v. State,* (1973) 260 Ind. 655, 657, 299 N.E.2d 612, 614.

■ Relevant evidence will not be rejected simply because it is cumulative, even though it may be inflammatory; *Feller v. State,* (1976) 264 Ind. 541, 545, 348 N.E.2d 8, 13, although it should be excluded if its potential to prejudice the jury improperly outweighs its probative value, *Carroll v. State,* (1975) (concurring opinion, Prentice, J.) 263 Ind. 696, 709, 338 N.E.2d 264, 274. The admission or rejection of cumulative evidence, however, lies within the sound discretion of the trial court, and its ruling thereon will not constitute reversible error unless an abuse of that discretion is clearly shown. *Gee v. State,* (1979) 271 Ind. 28, 37, 389 N.E.2d 303, 310; *Chappell v. State,* (1925) 197 Ind. 272, 276, 150 N.E. 769. The test is one of balance. *Akins v. State,* (1981) Ind., 429 N.E.2d 232, 236.

■ Defendant contends that inasmuch as the gun and one photograph of it had already been placed in evidence, the admission of a second photograph of it added emphasis improperly to the State's theory of the case, but we see no merit to this argument and no abuse of judicial discretion in admitting the exhibit.

The defendant's reliance on *Kiefer v. State,* (1958) 239 Ind. 103, 153 N.E.2d 899, is misplaced. *Kiefer* dealt solely with photographs that were of a gruesome, revolting, and inflammatory nature. There the challenged photographs depicted the victim's nude body during and after autopsy. One photograph depicted the hands of a doctor and nurse with instruments, inside the victim's chest. The second photograph showed the nude body with all of the knife wounds caused by the defendant, plus additional incisions made during the autopsy. *Id.* at 111–112, 153 N.E.2d at 902. This Court found that the photographs had had no probative value whatsoever and had been introduced solely for the purpose of "arousing the passions and prejudices of the jury, in such a manner as to cause them to abandon any serious consideration of the facts of the case and give expression only to their emotions." *Id.* at 118, 153 N.E.2d at 905.

Unlike the photographs in *Kiefer* there was nothing in State's Exhibit No. 6 which could be regarded as gruesome, revolting, or inflammatory. Moreover, although cumulative, State's Exhibit No. 6 did have probative value which the photographs challenged in *Kiefer* lacked.

■ We note, as pointed out by Defendant, that the trial court, in overruling Defendant's objection to the admission of Exhibit No. 6 premised his ruling upon the observation that it depicted the automobile license plate not shown by Exhibit No. 5. This appears to have been an erroneous basis for the ruling, inasmuch as in that respect the exhibit was repetitive of Exhibit No. 2 which also depicted the plate. However, if the ruling of the trial court is correct, his stated reason therefor is of no consequence. *Cain v. State,* (1973) 261 Ind. 41, 45–6, 300 N.E.2d 89, 92.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.