James DRESSER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 682S222.

Supreme Court of Indiana.

Oct. 12, 1983.

Rehearing Denied Dec. 20, 1983.

Susan K. Carpenter, Public Defender, Kenneth M. Stroud, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, following trial by jury, of murder, Ind.Code § 35–42–1–1(1) (Burns 1979), and was sentenced to forty (40) years imprisonment. This direct appeal presents two issues for review:

1. Whether the prosecutor's comments during closing argument placed Defendant in a position of grave peril, and thus violated his right to a fair trial.

2. Whether the trial court erred in admitting into evidence State's Exhibit No. 23, a pre-autopsy photograph of the decedent-victim.

On July 3, 1981, Defendant shot and killed Keith Bigley with a forty-five (.45) caliber semi-automatic pistol. He put the body in his car, drove to a river where he dragged the body into the water and then hid or destroyed the evidence of the crime. At trial Defendant claimed that Bigley was a "hit-man" for a motorcycle gang and that he had shot him in self-defense.

\* \* \* \* \* \*

ISSUE I

Under this assignment, Defendant contends that the judgment of the trial court must be reversed by reason of repeated instances of prosecutorial misconduct during final argument which, individually or cumulatively, placed him in "grave peril" such as to deny him his fair trial rights and require reversal. He cites three instances of alleged misconduct, the first being that the prosecutor misstated evidence and the other two being instances of urging the jury to convict the Defendant for reasons other than his guilt. In the interest of judicial economy and brevity, we decline to treat these contentions, other than to say that we find them to be without merit.

The first instance above mentioned related to the prosecutor's reference to Defendant's membership in a motorcycle "gang" known as "Death." The second instance complained of was the prosecutor's argument that suggested that a failure to convict might subject them, their children or their loved ones to danger; and the third was argument that suggested that an acquittal of the Defendant subjected society to a high degree of risk. In context, we are of the opinion that these did not subject Defendant to "grave peril" as that term was used in *White v. State,* (1971) 257 Ind. 64, 78, 272 N.E.2d 312, 320; *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843, and other cases cited by him.

At the time the two comments first mentioned were made, defense counsel merely interposed an objection and stated why he believed them to be improper. He did not move for a mistrial or even ask that the jury be admonished to disregard them. At the time the last mentioned comment was made counsel did not even make an objection. We acknowledge that the court overruled the objections that were made, which strongly indicates that such motions addressed to the objections would also have been overruled. Nevertheless, the objections made and rulings thereon preserved nothing for appellate review. Objecting to counsel's argument is like objecting to a question that has been asked and answered. If the question is believed to have been improper, a motion to strike the answer and to admonish the jury must be interposed, if the right of review is to be preserved. *Norton v. State,* (1980) Ind., 408 N.E.2d 514, 525; *Pettit v. State,* (1982) Ind.App., 439 N.E.2d 1175, 1180.

The correct procedure to employ against improper argument is to request an admonishment. *Dean v. State,* (1982) Ind., 433 N.E.2d 1172, 1178. Following the giving of the admonishment, if it is believed that the damage has not been, thereby,

repaired, a motion for mistrial should be made. Where it is obvious, from the nature and degree of misconduct, that no admonishment could suffice, the motion for one may be dispensed with. But, admonishments are presumed to cure error which may have occurred, *Ballard v. State,* (1974) 262 Ind. 482, 318 N.E.2d 798, and such errors are presumed to be curable in that manner. The granting of a mistrial lies within the sound discretion of the trial court, and its determination will be reversed only where an abuse of discretion can be established. *Thompkins v. State,* (1978) 270 Ind. 163, 383 N.E.2d 347; *White v. State,* 257 Ind. at 78, 272 N.E.2d at 312.

In this case, Defendant requested no remedial action of the court. In the one instance, the court indicated that it did not believe that the prosecutor had misbehaved; however, this did not necessarily preclude further consideration had a proper motion been addressed to the matter complained of.

With regard to the charge that the Prosecutor misstated the evidence, we find that on cross-examination of a defense witness, Mary Stahl, she indicated her belief that the Defendant was a member of the motorcycle "gang." Her opinion, was subject to being stricken; but, again, there was no motion to strike it and to admonish the jury to disregard it. There was, therefore, some evidence before the jury upon the question.

### ISSUE II

Defendant next assigns error to the admission of State's Exhibit No. 23, a pre-autopsy photograph. This photograph depicts the face and neck of the decedent, with eyes open, and skin partially decayed. A bullet wound is visible on the neck. The photograph was offered in connection with the testimony of Rensen Holdeman, an Elkhart fireman, who identified the photograph as accurately depicting the appearance of the decedent at the time the body was recovered from the river. Several other photographs, depicting the decedent from various angles and clearly showing the various bullet wounds, were also admitted into evidence. Defendant argues that this photograph had no probative value and that its sole purpose was to inflame and prejudice the jury.

"Trial courts may exercise wide discretion in determining the admissibility of photographic evidence. The test to be applied is whether or not the photographs are relevant to any material issue in the case, with the issue of relevancy determined by whether or not the photographs evidence anything that a witness would be permitted to testify to if identified and verified by the witness." *Brandon v. State,* (1978) 268 Ind. 150, 155, 374 N.E.2d 504, 507 (citations omitted).

In *Hyde v. State,* (1983) Ind., 451 N.E.2d 648, we recently restated the test for admissibility of cumulative and gruesome evidence:

"Relevant evidence will not be rejected simply because it is cumulative, even though it may be inflammatory; although it should be excluded if its potential to prejudice the jury improperly outweighs its probative value. The admission or rejection of cumulative evidence, however, lies within the sound discretion of the trial court, and its sound ruling thereon will not constitute reversible error unless an abuse of that discretion is clearly shown. The test is one of balance." *Id.* at 650 (citations omitted).

This "balancing test" is to be applied initially by the trial court. While wide discretion is vested in the trial court to determine admissibility of evidence, this does not mean that an admitted photograph must be appallingly gruesome *and* totally without probative value for there to be an abuse of discretion. The trial court should thoughtfully consider and weigh the relative probative value of an offered exhibit against its potential to inflame the jury. When an objection is raised to an exhibit on the ground that it is gruesome and intended to inflame or prejudice the jury, merely determining that the exhibit is relevant, and therefore admissible, fails to give the question the consideration due it from the trial court. *Carroll v. State,* (1975) 263 Ind.

696, 709–11, 338 N.E.2d 264, 274 (Prentice, J., concurring).

 In this case, as in *Carroll,* the photograph was shocking and gruesome. Its potential to prejudice the jury was substantial, although it was relevant for the purpose of depicting the decedent as he appeared when he was found in the river, several days after his death. *Brandon v. State,* 268 Ind. at 155, 374 N.E.2d at 507. The Defendant had stipulated, however, that the body recovered from the river on July 5, 1981, was Keith Bigley, and he freely admitted shooting Bigley and putting him in the river. Moreover, seven additional pre-autopsy photographs were admitted into evidence, at least two of which more accurately depicted the decedent as he appeared after he was recovered from the river. Thus, it is evident that this photograph was totally unnecessary to the State's case, and its purpose in offering it is highly suspect. Nevertheless, the photograph did have a modicum of relevance, and although it appears to us that it failed the balancing test of *Hyde v. State,* 451 N.E.2d at 650, that test is for the trial court's application. Absent clear error in its determination, we will not say, as a matter of law, that it erred.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.