**Kenneth Ray SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 383S101.**

Supreme Court of Indiana.

Nov. 26, 1984.

Patrick J. McManama, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ranson Radford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of murder Ind.Code § 35–42–1–1(1). The case was tried before a jury. Appellant was sentenced to a prison term of fifty-years.

Appellant raises four issues on appeal; (1) whether the trial court erred by admitting into evidence State's Exhibit No. Four which was a photograph of the decedent; (2) whether the trial court erred by giving the jury an instruction on flight; (3) whether there was sufficient evidence to support his conviction for murder; (4) whether the sentence imposed by the trial court was cruel and unusual punishment.

These are the facts that tend to support the determination of guilt. On September 11, 1981, at approximately 4:00 p.m. Maurice Lewis joined his brother Stephen, cousin Darnell Lewis, and two young women at the Project Center playground in East Chicago. While the group stood and talked, appellant drove up in a red and white Chevrolet pick-up truck. Appellant rolled down the window and told Stephen, "I haven't forgot what you done ... I'm going to get you ... I'll be back with my boy." Appellant then drove away. About fifteen minutes later, appellant returned with Murray Shamble. Shamble fired a .12 gauge shotgun into the air and warned, "don't run ... don't run; it's too late to run." Everyone, including Stephen, quickly scattered.

Stephen ran to an off-duty policeman who was sitting in his car, and Stephen said, "this is the police." However, appellant and Shamble kept walking toward Stephen with the shotgun, and appellant stated, "I'm going to kill you ..., I'm going to kill him, I'm going to kill him." Mean-

while, Stephen ran to the passenger's side of the policeman's car and knelt down. The policeman remained in the car with his seven year old daughter. Appellant and Shamble were on the driver's side of the car. Appellant told Shamble to shoot under the car in the direction of Stephen, but Shamble refused; consequently, appellant snatched the shotgun out of his hand. At that moment, Stephen stood up, looked over the top of the car, and ran. He was about four or five running steps away when appellant shot him in the lower right back. Appellant and Shamble ran away as soon as the shot was fired. Stephen kept running and, shortly thereafter, fell to the ground. Several witnesses testified that Stephen was not armed, and no weapon was found on him. An ambulance and the police were summoned to the scene. Stephen died shortly after he arrived at the hospital.

Meanwhile, appellant was driving his truck on 149th Street and Kennedy Avenue when he crashed into the back of a motorcycle operated by Dan Palmer. Palmer testified that when he told appellant he would have to call the police, appellant appeared to be nervous, and that the appellant told him that he had just "wasted some cat and needed to get away fast." When the police arrived, they recognized appellant from a description they had heard over the radio, and they arrested him. The police also found a live shotgun shell on the seat of appellant's truck.

I

State's Exhibit No. 4 is a large frontal view of the deceased victim depicting his head and shoulders. The exhibit was admitted into evidence over appellant's objection that it was irrelevant and prejudicial. Exhibit No. 4 was admitted in conjunction with two other photographs depicting the victim's shotgun wounds to the right side.

Photographs depicting the corpse of the victim in a homicide prosecution are for the most part relevant when they show trauma sustained at the time of the attack. Such exhibits are admissible unless their

relevant quality is outweighed by their tendency to inflame and impassion the jury against the defense. *Owens v. State* (1982), Ind., 431 N.E.2d 108, *Webster v. State* (1981), Ind., 426 N.E.2d 1295. In addition, the admission of photographs into evidence is within the discretion of the trial court and will not be reversed unless an abuse of discretion is shown. *Inman v. State* (1978), 270 Ind. 130, 383 N.E.2d 820, *cert. denied* 444 U.S. 855, 100 S.Ct. 114, 62 L.Ed.2d 74; *Owens v. State* (1975), 263 Ind. 487, 333 N.E.2d 745; Cf. *Hyde v. State* (1983), Ind., 451 N.E.2d 648.

The photograph in question here has some relevance since it depicts the top portion of the trauma of the right shoulder, and because there was testimony that the victim vomited blood. Consequently, the crucial question is whether or not the relevant quality of the photograph was outweighed by its tendency to inflame and impassion the jury against appellant. The obvious prejudicial impact of the photograph arises from the fact that it depicts a dead man's face. However, the photograph is not shockingly gruesome, and its prejudicial impact does not appear to be exceedingly great. Here, the scales are near equipoise; and as a result, we must defer to the trial court's ruling. Absent clear error in its determination, we will not say, as a matter of law that the trial court erred. *Dresser v. State* (1983), Ind., 454 N.E.2d 406.

II

Appellant argues that the trial court erred in giving the jury an instruction on flight. At the close of the evidence the trial court read nineteen final instructions; one of which was on flight. The challenged instruction reads as follows:

The flight of a person immediately after the commission of a crime and other evidence of actions calculated to hide a crime though not proof of guilt, are evidence of consciousness of guilt and are circumstances which may be considered

by you in connection with all other evidence.

■ It is well settled that a court must determine the applicability of giving an instruction on flight by considering all reasonable inferences which might be drawn from the evidence. *Lane v. State* (1983), Ind., 445 N.E.2d 965; *Frasier v. State* (1974), 262 Ind. 59, 312 N.E.2d 77, *cert denied* 419 U.S. 1092, 95 S.Ct. 686, 42 L.Ed.2d 686; *Turner v. State* (1970), 255 Ind. 427, 265 N.E.2d 11.

■ The pertinent evidence shows that when the victim stood up and attempted to escape the appellant aimed and fired at the victim. After appellant fired the shotgun, he immediately left the scene. The reasonable inference to be drawn from such evidence is that appellant was aware that he had committed a crime and that he left the scene to avoid investigation, detection, and arrest.

Appellant asks us to draw the inference that he was not aware that a crime had been committed since the victim kept running after he fired the shotgun. This we will not do. The act of aiming a shotgun at another person and firing at him is more than enough to put a person on notice that a crime has been committed. The instruction was properly given.

### III

■ Appellant argues that there was insufficient evidence to support his murder conviction. The appellate court will not weigh the evidence nor judge the credibility of the witnesses. Rather, an appellate court considers only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 185 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

■ The evidence recited above is more than sufficient to support the conviction for murder. Further, this evidence does not support appellant's claims of self defense, and alternatively, voluntary manslaughter. The evidence clearly indicates that appellant knowingly and intentionally shot the victim in the back and that the victim did nothing to provoke the attack.

### IV

Appellant argues that his fifty-year sentence is cruel and unusual punishment in violation of the Eighth Amendment.

Ind.Code § 35–50–2–3(a) states that "(a) person who commits murder shall be imprisoned for a fixed term of forty (40) years with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances ... " When a sentence is within the guidelines of the sentencing statute, it cannot ordinarily be challenged on constitutional grounds as being too severe. *Coleman v. State* (1980), Ind.App., 409 N.E.2d 647; *George v. State* (1980), 273 Ind. 271, 403 N.E.2d 339.

■ A fifty year sentence is not grossly out of proportion to the offense of deliberately taking a human life. We find the trial court's statement that the shooting of a fleeing person in the back demonstrates a callous disregard for human life to be appropriate here. Such conduct also demonstrates a dangerousness which cannot be restrained by the opportunity to consider less egregious consequences to others. The sentence is within constitutional limits and is warranted by the relative weight of cited aggravating circumstances including prior convictions, and mitigating circumstances.

The conviction and sentence are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE, and PIVARNIK, JJ., concur.