Valerie MACON, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8702–CR–182.

Supreme Court of Indiana.

Oct. 19, 1988.

Diane M. McNeal, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Murder. She was sentenced to thirty-eight (38) years imprisonment.

The facts are: On September 9, 1985, at approximately 10:30 p.m., appellant and Vanita Williams were in the Glen Park area of Gary, Indiana, soliciting as prostitutes. The victim Momir Vlahovic approached them in his automobile, and after a brief conversation, he left with appellant presumably for her to perform sexual favors. It was the testimony of appellant that after they parked Vlahovic indicated he had no intention of paying her and that after he performed anal sex he intended to kill her. She stated that as he attacked her she was able to remove a pistol from her purse and fire two shots into him; he kept coming at her, however, and she fired two more shots after which he did not move. She claims she then ran from the scene because she was afraid for her life, and she denied taking anything except her own purse.

She eventually returned to Vanita and two men, who were parked in a car. She told Vanita what had happened. They went to Vanita's house where appellant left the gun, then the four persons went back to the scene of the shooting to retrieve a jacket that appellant had left there that belonged to Vanita's mother. They were

anxious to retrieve the jacket because it bore Vanita's mother's name and her identification badge indicating her place of employment.

Appellant's companions testified they took nothing from the car except the jacket, then hastily left. There is a conflict in the testimony of appellant and her companions as to how the victim's wallet got into their car. It is the position of appellant that one of her companions took the wallet from the victim. However, the companions testified their first observation of the wallet was when appellant produced it and started going through the papers it contained. They all agreed that the identification papers were thrown from the car as they proceeded down the street. These papers were later recovered by the police and introduced into evidence.

Appellant claims the trial court erred in refusing her Tendered Instructions Nos. 1 and 3. In Tendered Instruction No. 1, appellant requested the court to instruct the jury on reckless homicide. In Tendered Instruction No. 3 the court was asked to instruct the jury on the crime of battery as an included offense. The record shows that during the conference to settle the instructions, after discussing appellant's Tendered Instruction No. 1, defense counsel agreed to withdraw that instruction and the judge agreed to give an instruction on voluntary manslaughter in lieu of the one on reckless homicide.

■ We agree with the State's observation that even had appellant insisted upon Tendered Instruction No. 1, it nevertheless would not have been reversible error to refuse such an instruction. In the case at bar, there was no evidence introduced to support giving an instruction concerning recklessness. By appellant's own testimony, she deliberately shot the victim. She did not tender the defense of accidental death due to a reckless act on her part but claimed the deliberate shooting occurred because she feared for her life and was defending herself. The trial judge in fact gave instructions both on self-defense and on voluntary manslaughter. Without any evidence of reckless acts, there is no basis for giving an instruction on reckless homicide. *Evans v. State* (1986), Ind., 489 N.E. 2d 942.

■ As to Tendered Instruction No. 3 concerning battery as an included offense, the information filed by the State charged the crime of murder. In *Sills v. State* (1984), Ind., 463 N.E.2d 228, this Court held that the State through careful drafting can foreclose any tactical opportunity to seek a conviction for a lesser offense. In this case, as in *Sills,* there was no charge upon which a mere battery could rest. Inasmuch as the admitted battery had resulted in a homicide, the only issues before the jury were whether self-defense had been established, or if a homicide had been established by the State, what degree of homicide it had been.

Instruction No. 3 also purported to instruct the jury on involuntary manslaughter. Here again, there was no element of involuntary manslaughter involved. The intention to kill was clearly established by appellant's own testimony. There was no error in the court's refusal to give appellant's Tendered Instruction No. 3.

■ Appellant claims the trial court erred in giving an instruction on flight. The court's Final Instruction No. 11 states:

"The flight of a person shortly after the commission of the crime with which he is charged, if there was such flight, is a circumstance which may be considered by you in connection with all of the other evidence to aid you in determining his guilt or innocence."

By appellant's own statement, she fled the scene of the crime, she at no time tried to obtain aid for the victim, and she, with her companions, returned to the scene of the crime to recover the jacket which might be traced to her. Later, when first approached by police officers, she at first denied her identity and only admitted who she was after persistent questioning. Such evidence was sufficient for the giving of the instruction. We would point out that the trial court clearly left the matter to the discretion of the jury by his insertion of the words "if there was such flight." Under

the circumstances and the evidence in this case, the question of flight was properly submitted to the jury. *Smith v. State* (1984), Ind., 470 N.E.2d 1316.

■ Although there is conflicting evidence in this case as to whether appellant was in fact defending herself from an attack by the victim, there is ample circumstantial evidence from which the jury could find that she deliberately shot him in order to obtain his wallet. The weighing of such evidence was the prerogative of the jury and will not be disturbed by this Court on appeal. *Collins v. State* (1988), Ind., 521 N.E.2d 682.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.