John B. FLETCHER, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8705–CR–489.

Supreme Court of Indiana.

May 19, 1989.

Diane M. McNeal, Appellate Public Defender, Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

After several delays and over the objection of appellant's counsel on the ground that appellant had fled the jurisdiction and was unavailable, appellant was tried *in absentia* by a jury on April 2, 1984. He was found guilty of Rape, a Class A felony, and because of his prior criminal record was given an aggravated sentence of fifty (50) years.

The facts are: At approximately 7:00 a.m. on May 21, 1982, appellant, who was the victim's neighbor, knocked on the victim's door and stated that he needed to use her telephone to call a doctor for his girlfriend. After using the telephone, appellant placed a gun against the victim's head, grabbed her by the hair, dragged her into a bedroom, forced her to undress, and raped her.

During the entire incident, appellant held the gun to the victim's head and stated that he would blow her brains out if she told anyone. After appellant left, the victim called two of her cousins who took her to a hospital where she was examined and treated, and a report was made to the police. Three days after the incident, the victim gave a detailed statement to the police. Several days after she was raped, the victim was riding in an automobile with a friend when they encountered appellant. Appellant parked his car, got out, and started shooting at the victim and her friend; neither one, however, was injured.

Appellant later absconded from the jurisdiction and was unavailable for trial. After finding that appellant had been present at the time the trial date was set and that he had willfully left the jurisdiction, the trial court ruled that the trial would proceed.

Appellant claims the trial court abused its discretion in denying his counsel's motion for continuance on the ground appellant had absconded and his whereabouts were unknown. The trial court ruled that by willfully leaving the jurisdiction appellant had waived his right to be present. The trial court was correct in this ruling. Once a defendant has been arrested on the charge then absconds, he may be tried *in absentia. Fennell v. State* (1986), Ind., 492 N.E.2d 297. We hold the trial

judge did not abuse his discretion in denying the motion for continuance and in trying appellant *in absentia.*

 Appellant claims the trial court erred in denying his motion for a directed verdict and claims that there is insufficient evidence to support the verdict of the jury. This court has repeatedly held that a rape conviction may be sustained on the uncorroborated testimony of the victim alone. *Stewart v. State* (1987), Ind., 506 N.E.2d 38; *Floyd v. State* (1987), Ind., 503 N.E.2d 390.

In addition to the detailed testimony of the victim, the jury also heard the testimony of the victim's cousins, who took her to the hospital, as to her mental state at that time. The hospital records also were placed in evidence showing that the victim had received treatment for rape.

There is ample evidence in this record to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.