**Efrain ROCHA, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8807–CR–668.**

Supreme Court of Indiana.

Aug. 11, 1989.

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Attempted Rape, a Class A felony, for which he received a sentence of twenty (20) years, and Criminal Deviate Conduct, a Class A felony, for which he received a sentence of twenty (20) years, the sentences to run concurrently.

The facts are: On July 18, 1987 at approximately 10:40 p.m., the sixteen-year-old victim was walking on 119th Street in Robertsdale, Indiana when a man later identified as appellant grabbed her from behind, dragged her to a parking lot, and threw her to the ground between two parked cars. He removed the victim's glasses, told her to cover her eyes, and repeatedly threatened to kill her if she looked at him or screamed. He then lifted her dress and made her aware that he was armed with a knife.

While the attack was in progress, Officer Michael Daniels arrived in a police car and observed a male, later identified as appellant, lying on top of a female. The man jumped up and ran. Police Officer Daniels chased him for approximately half a block without losing sight of him. He captured appellant when he attempted to jump a fence. Two different women testified for the State that earlier that evening each had been separately accosted by appellant and that he exposed himself, then ran.

Appellant claims he had been drinking that evening and he and another person, known to him as Joe, left the tavern, and on a dare from Joe, he exposed himself to the two women who had testified for the State; he, however, emphatically denied that he attacked the victim or that he had ever seen the victim before. He also emphatically denied that he had been in the parking lot where the victim was attacked.

Appellant claims the trial court abused its discretion in denying his motion for a continuance. His motion was based upon the fact the State had failed to apprise the defense of the existence of two witnesses who identified appellant as being near the scene of the charged offense a few minutes before the perpetration and that each testified that appellant had approached them separately and exposed himself to them.

Appellant first was apprised of these witnesses four days before the trial began. Appellant concedes that a continuance under the circumstances was at the discretion of the trial judge and that this Court will review the denial only as an abuse of such discretion, *Parr v. State* (1987), Ind., 504 N.E.2d 1014, and further, that to show such an abuse the record must reveal prejudice to the defense resulting from the trial court's failure to grant the motion. *Dorton v. State* (1981), Ind., 419 N.E.2d 1289.

Appellant argues, however, that until four days before trial he faced a State's case wherein the victim was unable to identify him and only one witness, Officer Daniels, identified him as the perpetrator. We would point out that Officer Daniels interrupted appellant while he was in the process of attempting to rape the victim, that he chased him, and without losing sight of him, captured him.

He claims, nevertheless, that to add the two witnesses on such short notice deprived him of a reasonable period of time to prepare to meet the specific allegations of the women and their identification of him. The State correctly points out that two days before evidence was presented to the jury, defense counsel deposed both witnesses and in fact used statements made by witness Bowman in her deposition during cross-examination.

In *Simmons v. State* (1987), Ind., 506 N.E.2d 25, this Court held that a trial court's denial of a defendant's motion for continuance was not an abuse of discretion where defense counsel cross-examined the witness using statements the witness had made in a deposition taken the day before trial. Given the circumstances of this case, we cannot say the trial court erred in refusing to grant a continuance.

■ Appellant contends the trial court erred in failing to instruct the jury regarding the defense of voluntary intoxication. Although appellant testified that he was drunk on the night of the offense, he emphatically denied that he attempted to rape the victim and in fact emphatically denied he ever saw her on that evening. He freely admitted that he exposed himself to the two women who had testified and stated that he did so on a dare from his companion and because he was drunk. However, there is nothing whatsoever in this record to indicate that appellant in any way attempted to claim a lack of ability to form the *mens rea* because of intoxication. Under the circumstances, the trial court was correct in holding that the evidence did not support the giving of an instruction as to a lack of ability to form intent by reason of intoxication.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.