**Richard P. WELCH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 05A02–8907–CR–00361.**

Court of Appeals of Indiana, Second District.

Dec. 27, 1990.

Thomas A. Brown, Hartford City, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Richard P. Welch appeals his conviction of battery, a class C felony,[1] and the determination he is an habitual offender.

## ISSUES

1. Whether the trial court erred in denying Welch's motion for continuance.

2. Whether the trial court erred in denying Welch's motion for change of venue.

3. Whether the trial court erred in trying Welch *in absentia.*

4. Whether the trial court erred in permitting a witness to testify who was not included on the State's list of witnesses.

5. Whether the trial court erred in admitting into evidence various exhibits offered by the State.

---

1. IC 35–42–2–1 (1988).

6. Whether the trial court erred when it instructed the jury to return to the jury room after it reported it was unable to reach a verdict.

7. Whether the trial court erred in replacing a juror with an alternate juror after the battery verdict and before the habitual offender verdict.

8. Whether the trial court erred in refusing certain of Welch's tendered final instructions and in giving certain of the court's final instructions.

9. Whether the trial court erred in not finding any mitigating circumstances in the sentencing process.

10. Whether Welch is entitled to a new trial because his former court-appointed defense counsel, as a pro tem judge, granted a State's motion without a hearing.

## FACTS

Welch attacked Capper while both men were in the Glorious Bar; Welch kicked, struck and choked Capper. After Welch was removed from the bar, he went to a friend's car parked behind the bar where he waited for Capper. When Capper appeared, Welch left the car, went to Capper, knocked him to the ground and repeatedly kicked Capper in the head and chest until Capper lost consciousness. Capper was taken to a local hospital where he received emergency treatment before being transferred to Ball Memorial Hospital in Muncie. Capper was hospitalized for two days and was not released to return to work for an additional seven days. Capper suffered numerous abrasions, a broken nose and had six to seven stitches to close a wound between his eyes.

Welch was charged with battery, a class C felony, and with being an habitual offender. A jury convicted Welch of the battery as charged and determined he was an habitual offender. Welch appeals. Additional facts appear as necessary in the discussion of the multiple issues presented for review.

## DISCUSSION

### I.

Welch claims the trial court erred when it denied his motion to continue the August 23, 1988 trial setting. The motion, filed on August 22, requested an additional thirty days to enable Welch "to evaluate all the discovery and interview witnesses so that [he] can make a proper defense in Court." Record at 64.

■■■ Continuances are not favored and as a general rule should be granted only when the continuance is necessary in the furtherance of justice on a showing of good cause. *Clark v. State* (1989), Ind., 539 N.E.2d 9. The trial court's ruling on a motion for continuance is reviewed only for an abuse of discretion and, to show an abuse, the record must reveal prejudice resulting from the trial court's ruling. *Rocha v. State* (1989), Ind., 542 N.E.2d 190.

■ The trial court did not abuse its discretion in denying Welch's request for a continuance. Welch's claim is "the need to evaluate late discovery ... is good cause where the State added new witnesses and exhibits." Appellant's Brief at 34. The trial court did not abuse its discretion in determining otherwise. Welch had had eight days between the August 15 response and his trial date. It was not unreasonable for the trial court to conclude that Welch had had ample time before trial to examine the diagrammed premises—an area to the rear of the Glorious Bar where Capper was battered. Similarly, it was not unreasonable for the trial court to conclude Welch was not surprised by the facts reported in the records of his previous convictions and pre-sentence reports. Furthermore, while Welch may not have seen the particular documents, it was not unreasonable for the trial court to conclude he could have reviewed them carefully in the days between August 15 and August 23. Finally, Welch made no effort to show why he could not have deposed the two newly added witnesses in the days between August 15 and August 23.

In addition, Welch fails to make any showing how he was prejudiced by the

State's use of the tangible items disclosed in the supplemental response or by the one expert witness the State called as a witness. Inconvenience is not equated with prejudice.

The trial court properly exercised its discretion when it denied Welch's motion to continue the August 23, 1988 trial date.

## II.

■ Welch claims the trial court erred when it denied his motion for change of venue from the county. Like a motion for continuance, the trial court's ruling on a motion for change of venue is reviewed for an abuse of discretion. *Brim v. State* (1984), Ind., 471 N.E.2d 672. The trial court did not abuse its discretion in denying Welch's motion.

■ Welch sought the motion on the basis of bias and prejudice on the part of the trial judge and pretrial publicity. However, Welch failed to comply with the provisions of Ind. Criminal Rule 12 which requires a belated motion for change of venue to set forth "when the cause was first discovered . . . the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence." Failure to follow the dictates of Crim.R. 12 justified the trial court's denial of Welch's motion for change of venue from the county. *Petruso v. State* (1982), Ind., 441 N.E.2d 446. Also, Welch failed to offer any evidence of prejudicial pretrial publicity or any evidence in support of his claim of judicial bias or prejudice.

The trial court did not abuse its discretion when it denied Welch's motion for change of venue.

## III.

Next, Welch argues the trial court erred in proceeding with the scheduled trial in Welch's absence.

■ Without question, a criminal defendant has the right to be present at his trial. However, a defendant may waive this right and does so when he or she fails to appear for a known trial date without notice to the court and without an explanation for the absence. *Netherly v. State* (1989), Ind. App., 536 N.E.2d 296, *rehearing denied.* With such a waiver, the defendant may be tried *in absentia. Fletcher v. State* (1989), Ind., 537 N.E.2d 1385.

■ Welch failed to notify the trial court he was unable to appear for trial or to offer any explanation for his absence. At the hearing held when Welch next appeared in court, March 6, 1989, the following exchange occurred between the trial court and Welch:

Q: Do you have any reasons why you couldn't have been here on the 23rd day of August, 1988?

A: Well, the only reason that I had was that I was scared, you know. Dean said that . . . he [sic] asked me, he said, "you take five years before the Court," and he said, "You push it and take it to trial," he said, I'm going to give you up to 38, and I got scared.

Q: Alright, you understood when the trial date was? You understood when the trial date was, is that correct? You knew . . .

A: I don't remember if I knew the court date or not, at the time.

Q: But you left the . . .

A: Excuse me, sir.

Q: But you left the jurisdiction of the Court and left the State of Indiana, is that correct?

A: Yes, sir.

Q: In July or early August of 1988?

A: Yes sir.

Record at 833–834. Thus, Welch did not deny he knew his trial date, a reasonable position inasmuch as the record reveals Welch was told, in open court, that "the trial date has been set for the 4th week in August on the speedy trial motion [you] filed and we will be ready to go to trial on that date." Record at 346. Nevertheless, some time before that fourth week in August, Welch voluntarily absented himself from the jurisdiction. Therefore, the trial court did not err in determining Welch's absence was knowing and voluntary. Hence, there is no error in the trial court

trying Welch *in absentia.* *Fennell v. State* (1986), Ind., 492 N.E.2d 297.

### IV.

 Welch claims the trial court erred in permitting Patricia Brown, the court reporter to testify over his objection that her name did not appear on any list of witnesses.

Welch also claims the trial court erred in admitting State's Exhibits 2 and 3, photographs of Welch which Brown identified. These photographs were later used to identify Welch as the assailant.

Although the State conceded it thought Welch "would not show up for his own trial" (Record at 357), it did not *know* Welch was not going to be present at his trial until he actually failed to appear on August 23. Only then was Brown's testimony necessary. Thus, the record does not establish the State's omission was the result of bad faith such as might compel exclusion of Brown's testimony.

The trial court did not err in overruling Welch's objections to Brown's testimony or his objections to State's Exhibits 2 and 3.

### V.

Welch claims the trial court erred in admitting into evidence State's Exhibits 5–17,[2] 18,[3] 19–22, 23, 24a, 24b and 25.

 State's Exhibits 5–8 are photographs of the area behind the Glorious Bar where Capper was found injured. Welch objected to these exhibits on the grounds the photographs were taken two days after the battery and in the daytime whereas the battery occurred at night. The trial court did not err in overruling Welch's objection. The appropriate foundation for a photograph is that it is a true and accurate representation of what it purports to depict. *Myers v. State* (1987), Ind., 510 N.E.2d 1360. This foundation was laid; therefore the trial court properly exercised its discretion to admit State's Exhibits 5–8 into evidence.

 Welch objected to State's Exhibits 9–15 on the grounds the photographs of the victim's injuries were repetitious and inflammatory. "Relevant evidence will not be rejected simply because it is cumulative, even though it may be inflammatory; although it should be excluded if its potential to prejudice the jury improperly outweighs its probative value." *Hyde v. State* (1983), Ind., 451 N.E.2d 648, 650 (citations omitted). The trial court's decision on this question is reviewed only for a clear abuse of discretion. *Hyde.* The State had the burden of proving Welch's battery caused Capper serious bodily injury. The instant photographs, while generally cumulative, showed Capper's injuries from different perspectives and thus had probative value. They are not unusually revolting or inflammatory; they report the injuries. There is no basis for determining the trial court abused its discretion in admitting these photographs into evidence.

 Welch also argues the trial court erred in admitting into evidence State's Exhibit 16 and 17. These exhibits are photographs of blood spots where Capper was found. Welch objected to the admission of the photographs because they were "the same shot, just twice." Record at 591. The record does not substantiate this objection. The evidence is the two photographs, while of the same blood spots, were shot from different locations and directions. The trial court did not abuse its discretion in overruling Welch's objection.

 Next, Welch claims the trial court erred in admitting State's Exhibit 18 into evidence because it was not representative of the scene at the time of the crime. The exhibit is a made-to-scale drawing depicting the permanent physical characteristics of the area behind the Glorious Bar where Capper was found battered. The fact the

---

**2.** The admission into evidence of State's Exhibits 5a–17a, inclusive, are also in issue. However, because these exhibits are the slides from which the prints composing State's Exhibits 5–17 were made, we do not address the issue separately.

**3.** The admission of State's Exhibit 18a is also an issue. However, inasmuch as 18 was made from 18a, we do not address the admission of Exhibit 18a separately.

drawing did not depict cars and trucks that may have been parked in the lot at the time of the battery does not render the scale drawing inadmissible when it was not offered for that purpose. The trial court did not abuse its discretion in admitting State's Exhibit 18 into evidence.

 Neither did the trial court abuse its discretion in admitting State's Exhibits 19–23 into evidence. These exhibits include a swab of the blood taken from where Capper lay battered (Exhibit 19), the clothing Capper was wearing at the time of the incident, (Exhibits 20–22), and a laboratory report involving the blood swab and the blood on Capper's clothing (Exhibit 23).

Welch first argues these exhibits should not have been admitted into evidence because the State deliberately withheld disclosing the items until the August 15 supplemental response. As discussed in Issue I, Welch has failed to show he was prejudiced by the State's tardy discovery. Also, contrary to his bare assertion, there is no evidence the State deliberately withheld discovery. Therefore, the trial court did not err in overruling this objection to the several exhibits.

 Also, Capper identified Exhibits 20–22 as the clothing he was wearing at the time of the battery. The clothing was removed from Capper at the hospital and delivered into police custody. Thereafter the clothing was kept in the police property room until it was tested by a forensic serologist. This is an adequate foundation for the admission of State's Exhibits 20–22. *Dickerson v. State* (1986), Ind., 488 N.E.2d 346. There is no error in the admission of these exhibits.

Welch claims the trial court erred in admitting Exhibit 23, the serologist's report, into evidence. Any error in the admission of this exhibit is harmless. The contents of the report was testified to, without objection, before the exhibit was admitted.

Welch argues the trial court erred in admitting State's Exhibit 19 into evidence because it was of doubtful validity as the ambulance drove through the blood spots and because the swab was kept for seven months in a refrigerator before it was sent for testing. Welch did not object to the introduction of this exhibit on these grounds; he cannot now argue it. *Jones v. State* (1989), Ind., 536 N.E.2d 267.

 Finally, Welch claims the trial court erred in admitting State's Exhibits 24a, 24b and 25 into evidence. Exhibit 24a is a certified copy of a Judgment of Conviction and Order for Commitment. It recites that in Cause 360–3–86 in the New Jersey Superior Court, Monmouth County, Law Division–Criminal, Richard Welch was convicted of the offense of aggravated assault recklessly with a deadly weapon, 4th degree, pursuant to his guilty plea, and was sentenced to a probationary term of two years and fined. State's Exhibit 24b is a certified copy of a sentence sheet, criminal disposition report and hand-up list for grand jury no. II in the same court and in the same cause as that reported in State's Exhibit 24a. The sentence sheet reports the defendant as Richard Welch of 906 North High Street, Hartford, In., date of birth, May 9, 1964. The hand-up list for grand jury no. II reports Richard P. Welch's social security number as 304–84–5041. State's Exhibit 25 is a certified copy of a judgment and pre-sentence report in docket number J87626, Circuit Court, South Central Region, State of Tennessee and reports that Richard Paul Welch, 906 N. High Street, Hartford City, Indiana, born May 9, 1964, social security number 304–84–5041 was convicted of burglary, 3rd degree, pursuant to a guilty plea, and was sentenced to three years at Williamson County Workhouse.

There is evidence Welch, the defendant in the instant case, was named Richard P. Welch, was born May 9, 1964, held social security number 304–84–5041, and lived at 906 High Street, Hartford City, Indiana. In addition, Welch's probation officer testified Welch discussed the circumstances of his New Jersey conviction with her and she worked with him with respect to his New Jersey probation. Finally, the evidence is the Richard P. Welch, convicted and sentenced in Tennessee has the same physical description, white male, 5'6", 130 pounds,

brown eyes, brown hair, as the defendant Welch.

Further, both offenses are felonies in that they carry the possibility of a sentence of one year or more. N.J.S.A. 2C:12–1b(3), N.J.S.A. 2C:43–6(a)(4); Tenn.Code Ann. 39–3–404. IC 35–50–2–1(b) (1988) provides "felony conviction" is "a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year." Finally, the exhibits are properly certified pursuant to Ind.Trial Rule 44(A). Based upon this evidence, the trial court reasonably concluded the exhibits were relevant to the question whether Welch had two prior unrelated felonies for the habitual offender charge. The trial court did not abuse its discretion in admitting these exhibits into evidence.

### VI.

Welch argues the trial court erred when it instructed the jury, after it returned to the court room and reported it was unable to reach a decision, to return to the jury room to determine the sole issue if it was possible to reach a verdict. The jury then returned to the jury room and later returned a guilty verdict. Welch agreed to the trial court's statement to the jury; any claim of error has been waived. *Parrish v. State* (1987), Ind., 515 N.E.2d 516.

### VII.

Welch also waived any claim of error with reference to replacing juror Wilhems with an alternate juror when juror Wilhems advised he did not wish to continue for the habitual offender portion of the trial. Juror Wilhems was replaced by the alternate juror by agreement of the parties.

### VIII.

Welch claims the trial court erred when it refused his final instructions 1, 2, and 3 and gave the court's instructions 6, 11 and 12 over his objection. This claim of error is waived for Welch's failure to comply with Ind. Appellate Rule 8.3(A)(7). *Collins v. State* (1987), Ind., 509 N.E.2d 827; *Riley v. State* (1987), Ind., 506 N.E.2d 476.

### IX.

Welch next claims the trial court erred in failing to find any mitigating circumstances. The trial court specially enumerated numerous aggravating factors. It also determined that, contrary to Welch's request, Welch's alcoholism was not a mitigating circumstance in as much as he had been given "ample opportunity to correct the alcohol problem, but has failed to do so." Record at 216. The court further stated it "does not find any mitigating circumstances that would negate or offset the aggravating circumstances as found by the Court to exist." Record at 216. Thus, this is not a situation where the trial court failed to consider and balance mitigating factors against aggravating factors. *See Dockery v. State* (1987), Ind.App., 504 N.E.2d 291.

### X.

Welch's last assertion of error results from the fact that his former court-appointed counsel, Robert Beymer, as a judge pro tem, granted the State's motion to enter upon land without notice to Welch and without a hearing. Without considering the merits of Welch's argument, any error is not reversible. The motion requested an order allowing the State to enter the premises of the Glorious East End Tavern to make measurements, photographs and films of the tavern's interior and exterior. Welch makes no showing or claim he could have defeated the motion, had he been given the opportunity to oppose it or had it been presented to the regular judge or another pro tem. Thus, Welch makes no showing of prejudice arising from the grant of the motion. An appellant must affirmatively show prejudice to his substantial rights to earn a reversal. *Akins v. State* (1981), Ind., 429 N.E.2d 232, *rehearing denied.*

Judgment affirmed.

GARRARD and BUCHANAN, JJ., concur.