

FILED

Oct 10 2023, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Riley L. Parr
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Cook,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 10, 2023

Court of Appeals Case No.
23A-CR-87

Appeal from the Johnson Superior
Court

The Honorable Peter D. Nugent,
Judge

Trial Court Cause No.
41D02-2007-F2-14

**Opinion by Judge Weissmann**
Judges Riley and Bradford concur.

**Weissmann, Judge.**

For twice selling methamphetamine to a confidential informant (CI), Anthony Cook was convicted of two counts of dealing. He appeals, arguing that his right to confront adverse witnesses was violated because the CI did not testify at his trial. Separately, Cook contends that the trial court erred in denying his motion for a continuance after he did not show up to his trial. Finding no error, we affirm.

## Facts

While working with the Franklin Police Department in November 2019, the CI tipped off Detective Richard Whitaker that Cook had offered to sell 3.5 grams of methamphetamine for $120. After Detective Whitaker determined the tip appeared credible, a controlled buy was quickly arranged.

On the day of the controlled buy, the CI met Cook at a fast-food restaurant with $120 provided by law enforcement. The CI wore an audio recording device, and Detective Whitaker and another detective, Zachary Russell, conducted surveillance using listening devices and a small camera. The controlled buy went off without a hitch, and the CI returned with 3.59 grams of methamphetamine.

The group then returned to the police station, where the officers reviewed the gathered evidence. While this was happening, Cook called the CI looking to make a second drug deal that same day, this time at a gas station car wash. Detectives Whitaker and Russell arranged another controlled buy between the

CI and Cook. And again, the deal went smoothly with the officers obtaining both audio and visual evidence of the controlled buy. When the CI returned to Detective Whitaker's vehicle, she turned over the methamphetamine—nearly 14 grams purchased this time for $350—and provided him with a summary of the transaction consistent with the surveillance recordings.

[5] The State charged Cook with two counts of felony dealing in methamphetamine: one as a Level 2 and the other as a Level 4 felony. During Cook's jury trial, the State moved to admit exhibits consisting of audio and video recordings of the controlled buys. The CI did not appear at Cook's trial. Neither did Cook, although his counsel was present. The trial court admitted the recordings over Cook's objection. After Cook was convicted as charged, the trial court sentenced him to 17½ years imprisonment.

## Discussion and Decision

[6] Cook presents two arguments on appeal. First, he argues that admission of the video and audio evidence of the controlled buys violated his right to confrontation because the CI was not called as a witness at trial. Second, he alleges that the trial court abused its discretion in denying his motion for a continuance the morning of his trial.

[7] Generally, the admission of evidence and the decision to grant or deny a continuance are both placed within the discretion of the trial court. *Jones v. State*, 982 N.E.2d 417, 421-22 (Ind. Ct. App. 2013) (evidence); *Flowers v. State*, 654 N.E.2d 1124, 1125 (Ind. 1995) (continuance). For a decision to be an abuse

of discretion, it must be clearly against the logic and effect of the facts and circumstances before the trial court. *Jones*, 982 N.E.2d at 421. But we review alleged constitutional violations, like any pure issue of law, de novo. *Id.*

## I.    Admission of Evidence

Because the CI did not testify at his trial, Cook contends that the evidence of the controlled buys violated his confrontation rights under the Indiana Constitution. Article 1, § 13 guarantees criminal defendants the right to "meet . . . witnesses face to face." Although this language is similar to the text of the Sixth Amendment to the United States Constitution, "the rights guaranteed by Article 1, § 13 are not necessarily identical to those given by the Sixth Amendment." *State v. Owings*, 622 N.E.2d 948, 950 (Ind. 1993).

But as Cook concedes, Indiana Courts have uniformly ruled that criminal defendants have no right to confront a confidential informant whose statements "were not admitted for the truth of the matters asserted."[1] *Williams v. State*, 669 N.E.2d 956, 958 (Ind. 1996)*; see also Williams v. State*, 930 N.E.2d 602, 609-10 (Ind. Ct. App. 2010). This result tracks the Sixth Amendment. *Crawford v. Washington,* 541 U.S. 36, 59 n.9 (2004) ("[The Sixth Amendment] also does not

---

[1] We acknowledge that the Supreme Court's underlying legal analysis on this issue is brief. After determining that challenged evidence was not hearsay and therefore able to be admitted, our Supreme Court found no violation of the federal constitution and, in a single sentence without elaboration, "also" found no violation of Article 1, § 13. *Williams*, 669 N.E.2d at 958. Later cases have been similarly brief. *Williams v. State*, 930 N.E.2d 602,  609-610 (Ind. Ct. App. 2010) (finding that the defendant's argument under Article 1, § 13 to exclude confidential informant evidence failed under *Williams*). But Cook does not challenge the force of these precedents.

bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."). In other words, when a confidential informant's statement is not hearsay,[2] Article 1, § 13 does not bar its admissibility at trial. *Williams,* 669 N.E.2d at 958.

[10] The CI's statements were not hearsay. As has been consistently determined by Indiana courts, "statements made by a [confidential informant] recorded in the course of a controlled drug buy [are] not offered by the State to prove the truth of the matter asserted and [are], therefore, not hearsay." *Vaughn v. State*, 13 N.E.3d 873, 879-80 (Ind. Ct. App. 2014)*; Williams*, 930 N.E.2d at 607-10; *Lehman v. State*, 926 N.E.2d 35, 37-38 (Ind. Ct. App. 2010). This is so because such evidence is only "context evidence, not legally operative conduct." *Williams*, 930 N.E.2d at 609.

[11] Here, Cook approached the CI about selling methamphetamine not once, but twice. And the CI's statements during the controlled buys largely amount to only those necessary to facilitate the controlled buy. Indeed, "[i]t was the statements made by the [defendant] that really constituted the evidentiary weight" of the controlled buy. *Williams*, 669 N.E.2d at 958. This being so, the

---

[2] As explained by this Court in a similar case:

> 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Statements not admitted to prove the truth of the matter do not run afoul of the hearsay rule—they are not hearsay.

*Williams v. State*, 930 N.E.2d 602, 608 n.3 (Ind. Ct. App. 2010) (internal quotation marks and citations omitted); *see also* Ind. Evidence Rule 801.

CI's statements were not hearsay and the admission of the challenged exhibits containing those statements did not violate Article 1, § 13.

[12] But Cook also urges us to use this case as an opportunity to endow Article 1, § 13 with "greater protections and procedural safeguards than those provided for in the United States Constitution." Appellant's Br., p. 10 (citing Randall T. Shepherd, *Second Wind for the Indiana Bill of Rights*, 22 Ind. L. Rev. 575, 576 (1989)). "Interpretation of the Indiana Constitution is controlled by the text itself, illuminated by history and by the purpose and structure of our constitution and the case law surrounding it." *State v. Katz*, 179 N.E.3d 431, 443 (Ind. 2022) (quoting *Price v. State*, 622 N.E.2d 954, 957 (Ind. 1993)).

[13] Yet Cook provides no specific argument on the meaning of Article 1, § 13. He provides merely an unsupported reference to what "'populist, anti-government Jacksonian Democrats' of the 1850s" may have thought about this case. Appellant's Br., p. 12 (quoting *Price*, 622 N.E.2d at 962). And although Cook is correct to note that other rights in the Indiana Constitution have been interpreted more broadly than their federal counterpart—as Article 1, § 13 itself has been in other contexts—this fact alone does nothing to establish the scope of the right here. *See Brady v. State*, 575 N.E.2d 981, 987 (Ind. 1991) (finding greater protections under Article 1, § 13 than the federal constitution); *Hill v. State*, 137 N.E.3d 926, 936-38 (Ind. Ct. App. 2019) (applying Article 1, § 13's separate analysis). Because Cook has not explained the exact nature of the relief he seeks, we end our analysis here.

## II. Denial of Continuance

[14] Cook also alleges that the trial court erred in denying his counsel's motion for a continuance when Cook did not appear the morning of his trial. "When, as here, a defendant moves for a continuance not required by statute, we review the court's decision to deny the request for an abuse of discretion." *Ramirez v. State*, 186 N.E.3d 89, 96 (Ind. 2022).

[15] Cook claims that the trial court erred when it failed to evaluate and compare the parties' interests before denying his request for a continuance. But even if that were true, Cook must still establish prejudice from the continuance's denial. *Gibson v. State*, 43 N.E.3d 231, 236 (Ind. 2015) (stating an abuse of discretion exists only "where a defendant was prejudiced as a result of not getting a continuance"). Cook's only argument about prejudice is that a continuance may have allowed him to attend his trial and "vindicate" his rights. Appellant's Br., p. 13. Yet Cook fails to explain his absence at trial. And as he concedes on appeal, the trial court informed Cook several times of his trial date.

[16] In short, when a defendant "willfully" does not attend his trial after being fully informed of its date and location, the trial court does not abuse its discretion in denying a motion for a continuance. *Fletcher v. State*, 537 N.E.2d 1385, 1385-86 (Ind. 1989).

Finding no error in the trial court's admission of the evidence from the controlled buys or its denial of Cook's continuance motion, we affirm.

Riley, J., and Bradford, J., concur.